### WILLIAMS v. DOBSON.

1. After condition broken in a chattel mortgage the title vests in the mortgagee, and if the property be seized under execution against the mortgagor and sold, the execution creditor and the constable are liable to the mortgagee in damages for such wrongful act.
2. The Circuit Judge properly fixed the damages at the value of the mortgaged property as ascertained by the sale (it being less than the mortgage debt), and properly held that upon payment thereof the lien of the mortgage should be released.
3. The mortgagee might have followed the mortgaged property, but he was not bound to do so.

Before HUDSON, J., York, April, 1886.

This was an action by F. W. Williams, as assignee of J. M. Ivy & Co., against T. M. Dobson and Edward Hart. The opinion states the case.

*Messrs. Hart & Hart,* for appellants.

*Mr. W. J. Cherry,* contra.

February 14, 1887.   The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON.   The case below was heard in Circuit Court on appeal from a trial justice under the following state of facts: One E. B. McDonald had executed two chattel mortgages to Ivy & Co., the first in 1881, to secure a note for $114.80, and the other in 1883, on a note for $65, which was given as collateral to the first, and covering different property from the first. In December, 1879, the defendant, Dobson,

recovered judgment against the said McDonald before a trial justice for the sum of $81.30. Both of the mortgages of Ivy & Co. had been duly recorded. In October, 1885, Dobson having issued execution on his judgment, levied on the property embraced in the two mortgages, which was still in the possession of McDonald, the mortgagor, although the condition of the mortgages had been breached. Under this levy the mortgaged property was sold by the constable, Hart, who had made the levy. It brought $42, which was applied in satisfaction of Dobson's execution.

In September, 1885, which was some months before the levy and sale above mentioned, Ivy & Co. assigned the mortgages to the plaintiff, Williams, who brought action before a trial justice against the defendants, Dobson, the execution creditor, and Hart, the constable, to recover damages for the conversion and sale of the property. The defendants demurred to the complaint on the ground that the plaintiff's right of action, if any, was against the mortgage property, which he should have followed, and not against the execution creditor, who, it was claimed, had done nothing unlawful. The trial justice sustained this demurrer, from which the plaintiff appealed to the Circuit Court. The appeal was heard by his honor, Judge Hudson, who overruled the trial justice, holding that the condition of the mortgage having been broken, the title to the chattel thereby became vested in the mortgagee, and the execution of defendant having been levied after this and the property sold, all the parties engaged in said sale were guilty of a conversion and personally liable therefor to the extent of the outstanding debt, provided the value of the converted property be so much: if it be less, then for the value of the converted property. He thereupon adjudged that plaintiff was entitled to recover the sum of $42, the amount of the sale, together with the costs of the action and of the appeal, with leave to plaintiff to issue execution, which, when paid, should release the mortgaged property.

The appeal of defendants is founded upon several exceptions. The material questions, however, are but two: 1st. Whether the defendants committed an actionable wrong in the levy and sale, rendering themselves personally liable therefor, as held by

the Circuit Judge. 2nd. Whether the measure of damages was the value of the converted chattel, which, if recovered by the plaintiff, would preclude him from "further recourse on the mortgaged property."

There is no doubt that after condition broken in a mortgage of personal property, the title to said property becomes vested in the mortgagee, subject, it is true, to an accounting in equity to the mortgagor for the surplus, if any, over the debt intended to be secured, but as to all others, and, in fact, as to the mortgagor, the title of the mortgagee is absolute and complete (*Wolf* v. *Farrel*, 3 *Brev.*, 68; *Trescott* v. *Smyth*, 1 *McCord Ch.*, 486; *Reese* v. *Lyon*, 20 *S. C.*, 17; *McClendon* v. *Wells, Ibid.*, 514; *Spriggs* v. *Camp*, 2 *Speer*, 183; *Bellune* v. *Wallace*, 2 *Rich.*, 82); or at least is invested with all the rights of owner. It is not denied here that the condition of plaintiff's mortgages had been broken before the levy and sale. The mortgages were on record. The defendants then must have known, or should have known, when the levy and seizure of the property was made, that they were seizing the property of the plaintiff instead of McDonald, the execution debtor, and that they were invading the plaintiff's rights. *Hutchinson* v. *Bobo*, 1 *Bail.*, 546; *McPherson* v. *Neuffer & Hendrix*, 11 *Rich.*, 267; *Joplin* v. *Carrier*, 11 *S. C.*, 327; *Warren* v. *LaGrone*, 12 *Id.*, 45.

Under these circumstances there is no room for argument or doubt upon the question whether their conduct was actionable. When an execution creditor levies and sells property as the property of his debtor, he does so at the risk of said property belonging to his debtor, and at his peril, and he and all concerned are liable if he mistakes the property of another for that of his debtor. Before the adoption of the code the action of trespass would perhaps have been the proper action in such a case. Since the code, while no change has been made in the causes of action, yet thereby all forms of action have been reduced to one, to wit, summons and complaint; and the object of actions, or rather the redress to be obtained, has been classified under three heads, dependent upon the character of the right invaded and the injury sustained, to wit, actions for the recovery of real property and damages, personal property and damages, and actions for the

recovery of money only. Therefore all the old common law forms of actions intended for the recovery of money only, whether on breach of contract or for the conversion of or injury to property, may be met by the single action for the recovery of money, without styling it either trespass, trover, assumpsit, or any of the old names, the gist being the injury sustained, and not the name of the injury, which injury must appear in the facts alleged and proved.

In the case before the court the plaintiff has been deprived of his property by the wrongful act of the defendants. Said property has been seized and sold to other parties, and the proceeds appropriated to the use of the defendant. This wrongful act may have been redressed formerly by the action of trespress, and perhaps by trover, but in any event it was entitled to redress in money, and is still entitled to such redress. True, the plaintiff's title to the mortgaged property was not divested by the sale, and he might have followed it in the possession of the purchaser, but we do not know that he was bound to do so. The defendants are the parties who committed the injury of which he complains, and he is certainly entitled to recover of them to the extent of that injury. By their act he has been deprived of his property, and they have not restored it, and so far as is known that deprivation is permanent, as completely so as if it had been destroyed.

Under these circumstances we think the Circuit Judge was right in both sustaining the plaintiff's action, and in fixing the measure of the damages at the value of the property to the extent of the mortgage debt, as ascertained by the sale, as well as in precluding further recourse upon the condition specified. *Bogan* v. *Wilburn*, 1 *Speer*, 182; *Foreman* v. *Nielson*, 2 *Rich. Eq.*, 287.

The other exceptions failing, as far as we can see, to raise any distinct questions, either of law or fact, to which error is assigned, need not be considered.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.