### TALBOTT & SONS v. PADGETT.[1]

1. The necessity and requisites of exceptions stated. There being no exceptions in this case, the appeal was considered *ex gratia*, in the absence of objection by respondent.
2. In action to recover possession of chattels after condition broken in a chattel mortgage or conditional sale, defendant interposed as a defence that he was entitled to an accounting for the amount due and to have the property sold and the surplus paid to him. *Held*, on oral demurrer by plaintiff, that these matters could not defeat plaintiff's recovery, and, besides, were not facts, but mere legal conclusions.
3. Defendant further alleged, by way of counter-claim, that plaintiff had failed to perform his covenants in the agreement sued on and demanded damages. *Held*, that the defence was not only insufficiently pleaded, but could not be interposed as a counter-claim to an action in claim and delivery.
4. A plaintiff may orally demur to a counter-claim upon the ground that it is not sustained by the facts stated, after replying thereto.

Before NORTON, J., Colleton, November, 1888.

---

[1] See *Riggs* v. *Wilson*, next case *post.*—REPORTER.

The opinion fully states the case.

*Messrs. Fishburne & Tracy*, for appellant.

*Messrs. Howell, Murphy & Farrow*, contra.

February 18, 1889. The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. On or about September 15, 1883, the defendant was placed in possession by the plaintiffs (respondents) of a certain 14-horse power stationary engine, locomotive boiler, and other machinery, under an agreement, of which a copy is hereto appended :

### "AGREEMENT.

"An agreement made and entered into by and between Talbott & Sons, of the city of Richmond, State of Virginia, of the one part, and Daniel Padgett, of Smoak's, S. C., of the second part, witnesseth : that the said Talbott & Sons agree to furnish said Daniel Padgett the following articles, viz. : One (1) fourteen (14) horse power standard stationary engine and locomotive boiler, steam-gauge, whistle, governor, water-gauge, stack, &c., complete; one 36 corn mill, 50 saw Winship gin and condenser, and one Acme cotton press, with pully and belt, to be ready for delivery on car at Branchville, S. C., on or about the 15th September, 1883, for the consideration of the payment of seventeen hundred and ninety dollars, as follows : One hundred dollars ($100) cash in hand, the receipt whereof is hereby acknowledged. Upon delivery of machinery, four hundred and ninety-seven ($497) dollars 1st November, 1883; five hundred and ninety-seven ($597) dollars 1st February, 1884 ; and five hundred and ninety-six dollars ($596) 1st May, 1884, with privilege of extension of time on last note. Notes to bear date of bill of lading, with 7 per cent. interest added.

"The condition of the above contract is, that the legal title and right of property in and to the above described property is to remain and be vested in Talbott & Sons, of Richmond, Va., until the said notes and all interest thereon accrued is paid off; and in case the said Daniel Padgett should fail to pay off the said, or either of them, then it shall be lawful for the said Talbott & Sons, of Richmond, Va., to take possession of the said property at any time after the maturity of said notes, or either of them ; but in case the said notes are paid off, then the title to the said property to vest in Daniel Padgett. Talbott & Sons

warrant the above described machinery to be of good material and workmanship, and to perform in a satisfactory manner when properly used; also, are to send man to superintend setting up and starting of machinery free of charge. It is understood that no verbal understanding, or warranty of any kind, exists in regard to the present contract, other than what is herein expressly stated.

"In witness whereof the parties have set their hands this 5th day of September, A. D. 1883.

"TALBOTT & SONS,

"Per WM. C. MORGAN, Manager.

"DANIEL PADGETT.

"Shipping point: Branchville, S. C."

The defendant made default in the payment of the notes specified, and the action below was brought to recover the possession of said property, the return of which had been denied on demand. The defendant interposed three defences: *First.* A general denial of all allegations not admitted, and admitting several allegations not necessary to be mentioned here. *Second.* That the contract or agreement set out in the complaint is an instrument in the nature of a mortgage, and that this defendant is entitled to an accounting for the amounts still actually due thereon, and may redeem such property, upon the payment of such amount and expenses, or to have the same sold and the proceeds applied as above, the surplus to be returned to him. For a *third* defence, and as a counter-claim: I. That, as alleged in paragraph III. of the complaint, the plaintiffs and the defendant entered into a contract or agreement relative to the chattels herein sought to be recovered, and others therein mentioned. II. That in such contract were mutual covenants and agreements, and that plaintiffs have failed to perform their part of the same, whereby defendant has been injured to his damage one thousand dollars. Wherefore judgment was demanded, &c., &c.

To these two last defences the plaintiffs interposed an oral demurrer on the call of the cause, having previously filed a reply to the third defence. The grounds of the demurrer were: "I. That sufficient facts to constitute a defence were not interposed by said defences. II. As to the third defence, that the grounds of such defence were not set out with sufficient particularity."

Upon this demurrer his honor, Judge Norton, decreed as follows: "Upon hearing the plaintiffs' demurrer to the second defence and counter-claim contained in the defendant's answer, and after hearing argument thereon, it is ordered and adjudged, that the plaintiffs' said demurrer be, and the same is hereby, sustained; and that the said second defence and counter-claim be stricken from defendant's answer."

The defendant has appealed, but we find no exceptions in the "Case." There is notice, however, of appeal, in which it is stated that defendant would move this court to reverse the order of Judge Norton sustaining plaintiffs' demurrer to the second and third defences, but upon what ground the notice does not state, nor, as we have said, are there any exceptions presenting the grounds. This is irregular, and upon objection made would be fatal. The object of exceptions is a very important one. It is to bring to the attention of the court the precise questions of law or fact involved and desired to be reviewed. To do this effectually and definitely, something more must be stated than merely an occurrence or order or decree below, objected to as erroneous. The grounds of the alleged error must be presented in a direct and positive form, and especially if it be a legal error complained of, the principle of law alleged to be violated must be stated. This "Case" is defective in this regard. And in the absence of objection by respondent its consideration is *ex gratia.*

Tho demurrer of the plaintiffs to defendant's answer was addressed to the second defence therein, and to the counter-claim of the third defence. We think his honor was correct in sustaining plaintiffs' demurrer, both as to the second defence and the alleged counter-claim. Assuming the allegations of the complaint to be true, the plaintiffs' action was well founded, and he would be entitled to recover the property in dispute. *Talmadge* v. *Oliver*, 14 S. C., 522; *Keitt* v. *Counts*, 15 *Id.*, 493; *Straub* v. *Screven*, 19 *Id.*, 448. And this would be so, whether the agreement between the parties should be considered as a mortgage, with condition broken, or a paper reserving title as between said parties until the notes were paid, and authorizing the retaking said property upon failure to pay said notes, one or all, according to their terms. Now, admitting the allegations in the second defence, do

they attack the right of recovery by the plaintiffs on their complaint? We do not see that they do. Admit that the agreement is an instrument in the nature of a mortgage, and that the defendant is entitled to an accounting, that he may redeem the property upon the payment of such amount and expenses as may be actually due, or that the property might be sold and the proceeds applied to said amount, &c. How does this interfere with the plaintiffs' right to recover possession? The matters attempted to be interposed do not strike at the plaintiffs' cause of action, to wit, the illegal withholding of his property by the defendant, but they present a claim which might arise after the plaintiffs recovered possession. They present an equitable cause of action, if anything, of defendant against the plaintiffs, not now in existence, but that might arise after plaintiffs' action ended, and he had become possessed of the property, and had refused to do justice to the defendant in the premises.

But besides, this second defence does not embody any facts presenting new matter as a defence; it consists merely of legal conclusions. It claims that the agreement is an instrument in the nature of a mortgage. It claims that defendant is entitled to an accounting, that he has a right to redeem, or to have the property sold and the proceeds applied in a certain way. There are no facts here, no new matter. There is nothing but a statement of legal claims, legal conclusions. Now, all the writers on the code agree that a mere statement of legal conclusions can never be made the foundation of an action, nor of a defence. The facts upon which the legal conclusions rest must be given, and the court must be left to apply the legal principles.

The demurrer goes also to the counter-claim, if it be a counter-claim, set up in the third defence. This is somewhat in the nature of a statement of a legal conclusion too. It is said that there were mutual covenants, and that plaintiffs had failed to perform their part, whereby defendant had been injured $1,000. This, if intended as a counter-claim, was certainly a very inartificial way of presenting it. What covenants? When broken? and under what circumstances? and how resulting in the damages claimed? The facts, the facts, these are required by good pleading, not legal conclusions or vague and indefinite allusions and

inferences.    But even if this alleged counter-claim was less loosely stated, or had a better foundation, it is still a counter-claim arising on contract, breach of covenants, and could not be interposed to an action like the plaintiffs', which is an action for the recovery of personal property.    See *Pom. Rem.*, § 767; *Williams* v. *Irby*, 15 S. C., 461.    "It would seem that in actions to recover possession of specific chattels no counter-claim is possible, unless, perhaps, equitable relief may be demanded under some exceptional circumstances."

This demurrer being in the nature of the demurrer which defendant sometimes presents to plaintiff's complaint, to wit, that the facts alleged do not constitute a cause of action, it was allowable even after a reply as a demurrer of this kind is allowable by a defendant after answer.    *Pomeroy.*

It is the judgment of this court, that the judgment of the Circuit Court be affirmed.