LUDDEN & BATES SOUTHERN MUSIC HOUSE v. HORNSBY.

1. LEASE.—An instrument leasing an organ for a specified time at a designated monthly rental, with a proviso that the lessee may at any time within such term purchase the instrument by paying the amount of rental value for the designated time, in which case *only* all amounts previously paid as rental shall be deducted, is a lease, and not a mortgage.
2. EQUITABLE DEFENSE.—A defendant may set up an equitable defense based on fraud in the transaction to a legal action of claim and delivery.

Before BENET, J., Columbia, Nov. 1st, 1894.    Affirmed.

Action by Ludden & Bates Southern Music House against Mrs. M. A. Hornsby, for the possession of an organ under the following instrument:

EXHIBIT A—PIANO AND ORGAN LEASE.—This certifies that Mrs. M. A. Hornsby, now residing at Columbia, S. C., have received of Ludden & Bates Southern Music House, one Packard organ, style 13, No. 25,047, and valued at $115, which I am to use with care, and to return in as good condition as it now is, the ordinary use and wear thereof excepted; and in case of loss or damage by fire, water, tempest or otherwise, I agree to make good such loss or damage. I have agreed to hire said instrument for the term of twenty-two months from this date, and to pay during said term the sum of $115 as rent therefor, in the following manner, viz: $5 on the 25th day of June, 1886, which is in payment of the rent for the first month only, and as advance deposit, to secure against damage to said instrument while in my possession, or for any expenses incurred in its recovery, in case the aforesaid rental payments are not paid as agreed; and thereafter $5 on the 25th day of each and every month for twenty-two months, with interest at the rate of ten per cent. after maturity upon all rental payments not made as above stipulated. I further agree to make all payments in current funds, at their office in Savannah, Ga., without notice or

demand, and to assume all cost of remittance or collection of drafts, etc. But if default shall be made in either of said payments, or if I shall sell, offer for sale, remove, or attempt to remove, the said instrument from my aforesaid residence without the written consent of said Ludden & Bates Southern Music House, then, and in that case, I agree to return the same, and that they, or their agent, may resume actual possession thereof; and I hereby authorize and empower the said Ludden & Bates Southern Music House, or its agent, to enter the premises, wherever said instrument may be, and take and carry the same away, hereby waiving any action for trespass or damages therefor, and disclaiming any right of resistance thereto. And I further agree to pay all expenses incurred by the said Ludden & Bates Southern Music House, in the renting and returning of said instrument, including reasonable attorney fees and all other legal expenses which may be incurred in obtaining possession of said instrument, or in the collection of any payments due thereon. It is also further understood, that I may, at any time within said term of rental, purchase the said instrument by paying the above valuation therefor; and then, and in that case only, all amounts theretofore paid as rental, or advance deposit, shall be deducted from price of the instrument. Witness my hand and seal, this 25th day of June, 1886. M. A. Hornsby. (L. S.) Signature witnessed by D. A. Pressley.

The cause was referred to the master, who ruled out the answer upon an oral demurrer, that it did not state facts sufficient to constitute a defense. Upon exception to this ruling, Judge Benet made the following decree:

The plaintiff, a corporation duly incorporated under the laws of the State of New Jersey, brings its action in claim and delivery against the defendant, and alleges that under the terms of a "lease," hereto attached as an exhibit, it leased a certain musical instrument, to wit: an organ, to the defendant, upon the terms and subject to the conditions

therein particularly set forth, which permitted her to buy said organ for the sum of $115.

The defendant, in answering said complaint, admits the execution of the paper termed a "lease," and alleges that certain payments, aggregating $65, have been made by her under its terms; that after paying said sum she has discovered that a fraud has been practiced upon her by the plaintiff, whereupon she has refused to make further payments, and has offered to restore the organ to plaintiff upon the return of the money obtained from her by reason of the fraud and imposition complained of. The alleged fraud, as charged in the answer, amounts to this: That at the time of, and before, the signing of the lease under which plaintiff proceeded, the plaintiff represented to defendant that the instrument in suit was a new one, which had never been out of its storeroom, and that it was in all respects in good order; whereas she has discovered that is a worn and second hand instrument, worth no more than the sum already paid by her to plaintiff, whereupon she has refused to pay any more of the instalments claimed by said plaintiff. Thereupon a consent order was made, referring the case to the master for Richland County, with instructions to take the testimony and report upon all matters of law and fact. At the first reference held by that officer the plaintiff interposed an oral demurrer to the answer, on the ground that the affirmative defenses set up in the answer did not state facts sufficient to constitute a cause of action. At first the master overruled the demurrer, but, after the testimony was all in, he entertained and sustained it, and, having dismissed the affirmative defenses interposed in the answer, reported to this Court his finding that the demurrer was well taken. Upon exceptions having been filed by the defendant, the case comes before me for consideration.

I shall not address my remarks to the exceptions as filed, but rest my decision upon the ground raised by the answer, that fraud and imposition were practiced upon the defendant in obtaining her signature to the contract of lease, which is

the foundation of the pending controversy. It is hardly necessary to make refutation of the master's position, that an answer cannot change a law case into an equity case. The case (*Maxwell* v. *Thompson*, 15 S. C., 612,) which he cites to sustain that doctrine, does not apply here, where a consent order has been made, based upon an equitable defense, referring all issues of law and fact to him for his determination. See *Adicks* v. *Lowry*, 12 S. C., 108; *Parker & Co.* v. *Jacobs*, 14 S. C., 118; *Chapman* v. *Lipscomb*, 18 S. C., 233.

It is very true that the Supreme Court, in the case entitled *Ludden & Bates* v. *Dusenbury*, 27 S. C., 464, has interpreted the paper here sued on as a lease and not as a chattel mortgage. But it is equally true that the extreme doctrine therein enunciated has been limited by the later case decided by that same tribunal, entitled *The Singer Company* v. *Smith*, 19 S. E. Rep., 132, where it is declared bv Mr. Justice McGowan, as the mouth-piece of the Court: "It is difficult for one to sell and deliver property, and at the same time to remain owner of it. After careful consideration, I feel constrained to concur with his Honor, Judge Izlar, that the contract between these parties was not a lease, bnt substantially a sale of the machine for $55—$10 in cash, and the remaining $45 in small instalments. * * * We think that a lease is generally executed by the owner of the property; this paper was signed by the person negotiating foi a purchase of the article. The defendant could not secure the credit portion of the purchase money until some interest was conveyed to him by the company." Neither can I agree with the plaintiff or the master that the case under consideration, and the answer interposed by defendant, are settled by *The Singer Co.* v. *Smith*, *supra*, or by *Talbott* v. *Padgett*, 30 S. C., 167, because those cases decided no such issues as are raised in this case; on the contrary, they rightfully decided in keeping with the unbroken line of precedent, that the defendant, in claim and delivery, is not entitled to an accounting, nor can he interpose a counter-claim in his

answer. The defendant, however, has a right under the new practice to interpose an equitable defense, which puts in issue the making of the contract itself—call it what you may—lease, conditional sale or chattel mortgage. And such a defense is properly pleaded and a proper matter of investigation in a court of equity, and when sustained by legal proof entitles the party to the protection of this Court, when in a case of claim and delivery, or in any other law case, it can be shown "that at the time of entering into the agreement to purchase said organ, said plaintiff, its agents and servants, assured this defendant that the organ she was purchasing was new, and had never been in use; that it was in first rate condition, and that it was as represented; that this defendant, by reason of said representations fraudulently made to her, was induced to sign the agreement herein sued on, when said plaintiff, its servants and agents, well knew at the time of the sale to this defendant, and before said sale, that said organ was an old one, which had been out of their possession under a similar agreement to the one herein sued on, and had, after months of use, been returned to said plaintiff, who deliberately disposed of it to defendant at a price charged for a like instrument new and in good order, when it was known to be a worn out and second hand instrument." (See second paragraph of defendant's answer.) See *Riggs* v. *Wilson*, 30 S. C., 172, and *Parker & Co.* v. *Jacobs*, 14 S. C., 118, where it is said: "Since the enactment of the Code, the question is not whether the plaintiff has a legal right or an equitable right, or the defendant a legal or equitable defense against the plaintiff's claim, but whether, according to the whole law of the land applicable to the case, the plaintiff makes out the right which he seeks to establish, or the defendant shows that the plaintiff ought not to have the relief sought for. Or, as is said by Saunderson, J., in *Grain* v. *Aldrich*, 38 Cal., 514: 'Legal and equitable relief are administered in the same forum and according to the same general plan. A party cannot be sent out of court merely because his facts do not entitle him to

relief at law, or merely because he is not entitled to relief in equity, as the case may be.    He can be sent out of court only when, upon his facts, he is entitled to no relief either at law or in equity.'"    See, also, Cobbey on Replevins, secs. 794, 824, and 1148.

Now, inasmuch as defendant is interposing an affirmative equitable defense, and is asking its consideration under the well settled rule of pleading, by virtue of the consent order herein, where all matters of law and of fact were referred to the master, why is that officer not bound to give heed to the defense, which declares that fraud and imposition were practiced upon the defendant in obtaining her signature to the paper sued on—a paper which related to an article of a particular kind, which plaintiff solemnly assured her she was buying, when it would appear that a different and inferior article was fraudulently palmed off on her?    For the purpose of this discussion, everything is true contained in this answer.    The plaintiff admits as much when it interposed its demurrer.

It would be a hardship too vital to the rights of litigants in the Court of Equity to have them stripped of everything they may have paid on one of these supposed purchases, under the terms of such a paper as that here sued on.    It purports to be a lease, and so *Ludden & Bates* v. *Dusenberry, supra*, would appear to hold.    But these instruments, cunningly devised by the most astute conveyancers, are prepared for the sole protection of the vendors, and they bear such an interpretation as would lead any other than a careful student of the law to believe that in making the payments provided for, he was paying purchase money and no rent money.    This view seems to have influenced the latest decisions on this question, viz: *The Singer Company* v. *Smith*, 19 S. E. Rep., 132, where Justice McGowan intimates an interpretation in some measure doing away with the harshness of the first decision quoted, and giving a purchaser under such a paper as that herein considered the right, at least, whatever that right may be, to invoke the

aid of the Court of Equity to protect him from just such exactions as are complained of by the defendant, M. A. Hornsby, one feature of which is the finding of the master, that plaintiff's attorneys are entitled to a fee of $25 for services which ought surely to be paid by the actor itself, rather than by a defendant who has· been led to sign a paper which is a fraud upon her rights, in that it would make her consummate a bargain which she never made and never intended to make. There is doubt enough in my mind, as to the position of the master sustaining the demurrer, to constrain me to overrule his findings. And it is so ordered.

Let the case be remanded to the master, for him to pass upon the law and the facts in keeping with the terms of this decree.

From this decree the plaintiff appeals on the following exceptions:

1. Because his Honor erred in overruling the master in his conclusion that the facts, alleged in defendant's answer, as an affirmative defense, do not constitute a defense to plaintiff's action.

2. Because his Honor erred in not sustaining the master in his conclusion that the answer herein did not state facts sufficient to constitute a defense to the action.

3. Because his Honor erred in holding that the consent order of reference herein, made this case a cause in equity.

4. Because his Honor erred in holding that the consent order of reference herein, made defendant's claim for damages a proper issue to be heard and determined in this action.

5. Because his Honor erred in not sustaining the master in his conclusions, and giving judgment for the plaintiff.

6. Because his Honor erred in holding that the allegations of the answer put in issue the making of the contract itself, and, therefore, present an issue necessary and proper to be heard and determined in this action.

7. Because his Honor erred in remanding this case to the master for further determination, when said master had

fully reported his conclusions of both fact and law, as re-
quired by the consent order of reference here.

*Messrs. Barron & Ray*, for appellant.

*Mr. Andrew Crawford*, contra.

Sept. 10, 1895.  The opinion of the court was delivered by

MR. JUSTICE POPE.  The defendant, under her hand and
seal, on the 25th day of June, 1886, executed a lease of "one
Packard organ, style 13, No. 2507," for the term of twenty-
two months, at a rental of $5, to be paid on the 25th of each
of the twenty-two months, with a proviso in said lease that
the said defendant "may at any time within said term of
rental, purchase the said instrument by paying the above
valuation ($115) therefor; and then, and in that case only,
all amounts theretofore paid as rental or advance deposit
shall be deducted from the price of the instrument." There-
after from month to month the defendant paid to said plain-
tiff the sum of $5, until her payments aggregated $65; she
then refused to pay anything more to plaintiff, and refused
to turn over such Packard organ to plaintiff.  Thereupon
the plaintiff, on the 2d of March, 1893, commenced this
action for claim and delivery.  In the complaint the fore-
going facts are set forth.  By the answer of defendant she
admits the execution of the paper writing under her hand
and seal, as alleged by the plaintiff, but as an affirmative
defense, she alleges that immediately after she made her
last payment of $5 (which occurred on the 30th November,
1887), she learned that the assurance made to the defendant
on the day she executed the agreement, to wit: 25th day of
June, 1886, by the plaintiff, its agent and servants, that the
organ in question was new and had never been in use, and
that it was in first class condition, was fraudulently made
to her; whereas, the truth was, that such instrument, instead
of being new and never having been in use, and in first class
condition, was an old one, which had been out of plaintiff's
possession under a similar agreement made to the plaintiff

by this defendant, and after months use had been returned to the plaintiff; that the plaintiff thus deliberately disposed of the organ to this defendant at a price charged for a new instrument and in good order, when the plaintiff knew it was selling to the defendant a worn and second hand instrument, worth only what such an instrument would sell for. That she realized that in paying to the plaintiff $65, she had paid more than such an instrument, being worn and second hand, was worth; and that owing to these facts she paid nothing more to the plaintiff, and has refused to turn over the instrument to it. That realizing that she had paid the full value of the second hand organ in question, she has elected to become its purchaser at the price she has already paid. She demands: that her contract should be surrendered and cancelled under the judgment of the Court; that she be adjudged the owner of said organ, or that she be permitted to hold the same until the $65 she has paid be refunded to her. Under the order of Judge Hudson, passed on the 25th October, 1893, all issues of law and fact were referred to the master, John T. Seibels, Esq.

When the cause came on to be heard before said master, the plaintiff demurred to the answer, because it failed to set forth facts sufficient to constitute a defense. This demurrer was eventually sustained by the master, and he recommended, amongst other things, that plaintiff have all the relief demanded in its complaint. To this report the defendant excepted, and when the same was brought on for trial before his Honor, Judge Benet, he reversed the master's report, and ordered the case back to the master for a trial.

From Judge Benet's order the plaintiff now appeals to this Court. Let the order and the exceptions be set out in the report of the case.

We may as well remark at the outset, that the decision of this Court in the case of *Ludden & Bates Southern Music House* v. *Dusenberry*, 27 S. C., 464, fixes the character of a lease, the paper sued on in this action. It is true, the case of *Singer Man. Co.* v. *Smith*, 40 S.

C., 529, did hold that the paper writing then in question was not a lease but a mortgage; but it is well to remember that the terms of the latter instrument were different from that in *Ludden & Bates &c.* v. *Dusenberry, supra,* and also that this Court did not undertake to overrule the case just cited. This being so, we must recognize its authority as controlling here, certainly as fixing the character of the paper sued on.

The Circuit decretal order of Judge Benet, now under appeal, is bottomed upon the principle, that now, under the principles of our Civil Code of Procedure, there is no longer a separate tribunal for the trial of actions on the law side, nor is there a separate tribunal for the trial of equity actions. Both are to be heard in the Court of Common Pleas. A suitor may embody in his complaint a statement of facts entitling him to legal relief, and in the same complaint a statement of facts entitling him to equitable relief, growing out of the same transaction. So, too, as to defendants; they may set up in their answers legal and equitable barriers to plaintiff's recovery, provided they relate to the same transaction. Here the plaintiff brought its action for claim and delivery—a demand on the law side of the Court. The defendant, however, admitting the legal demand of plaintiff, endeavored to show why, in equity, the plaintiff was not entitled to the judgment prayed for, by alleging that plaintiff's legal demand originated in fraud. The difficulty the plaintiff alleges to be in the way of the defense interposed by defendant is that arising under some of our decisions. *Talbott & Sons* v. *Padgett,* 30 S. C., 171; *Singer Man. Co.* v. *Smith, supra.* It occurs to us that the parties here overlooked the case of *Irby* v. *Williams,* 15 S. C., 458, where this Court held that a counter-claim could not be interposed in an action for claim and delivery, *except* where equitable relief may be demanded under exceptional circumstances, and quoted with approval section 767 of Mr. Pomeroy's work on Remedies and Remedial Rights, which section reads thus: "It would seem that in an action to

recover possession of specific chattels, no counter-claim is possible, *unless, perhaps, equitable relief may be demanded under some exceptional circumstances*" (italics ours). In the case last cited, this relief, upon the ground of equity, was denied the plaintiff, because the facts, wherein it was claimed in equity arose, were separate and distinct from' the matter in contention between the parties to that action. Thus it will be seen that this Court has not denied that there may be an equitable demand in the defendant against a plaintiff's action for claim and delivery. With how much more force does the propriety, nay, the right, in the defendant having her equitable defense considered, when in her answer she alleges that she was induced to sign this contract by a fraud being practiced upon her in regard thereto. It is not alleged as fraud practiced upon her in a collateral or distinct matter, but a fraud practiced upon her when she was induced to sign the lease. It makes no difference how perfectly instruments may be drawn, if fraud is practiced therein, the Court of Equity will lay bare the transaction. It must be remembered that no opinion was intended to be expressed by the Circuit Judge, nor does this Court express any opinion, as to the truth of the allegations set out in the answer. The demurrer admits all these allegations, *for the time being, merely* to contest their sufficiency in law as a defense. At the trial all these matters will be fully investigated, and the defendant will be put to the proof of what she charges in her answer to be true.

We do not feel that any further discussion by us is necessary. The Circuit Judge was correct in overruling the demurrer and ordering the cause back for trial.

It is the judgment of this Court, that the order appealed from be affirmed, and the case is remanded to the Circuit Court to carry out Judge Benet's order.