## 9482

## GREENE v. WASHINGTON.

### (89 S. E. 649.)

1. REFERENCE — ORDER — CONDITION OF CAUSE. — Where defendant has unlimited power to amend and was given leave to amend as advised, a reference should not be ordered until the amended answer is served, for it may plead legal defenses triable only by jury, or it may be desirable to first try the legal issues, if both legal and equitable issues are made.

2. CHATTEL MORTGAGES — RIGHTS OF PARTIES — POSSESSION OF PROPERTY AFTER DEFAULT.—A chattel mortgagee, after a breach, may take peaceable possession of the property or sue for its possession.

3. CHATTEL MORTGAGES—REDEMPTION—TIME.—A chattel mortgagor may redeem before the foreclosure sale.

4. CHATTEL MORTGAGES—FORECLOSURE—SURPLUS.—After a chattel mortgage foreclosure, the mortgagee may be required to account for any surplus above the debt.

5. CHATTEL MORTGAGES — RIGHTS OF PARTIES — ACTION FOR POSSESSION BETWEEN PARTIES—DEFENSES.—In a claim and delivery action on a chattel mortgage, either a legal or equitable defense may be set up.

6. CHATTEL MORTGAGES— RIGHTS OF PARTIES— ACTION FOR POSSESSION BETWEEN PARTIES—DAMAGES.—A chattel mortgagee's recovery in a claim and delivery action is limited to his special interest in the property, and the mortgagor is entitled to have this amount determined.

7. CHATTEL MORTGAGES — RIGHTS OF PARTIES — ACTION FOR POSSESSION BETWEEN PARTIES — VERDICT AND JUDGMENT. — The jury may be directed to find the property's real value and also plaintiff's interest therein under Code Civ. Proc. 1912, sec. 321, authorizing the answering of particular questions, and the judgment may be ordered satisfied upon payment of the plaintiff's interest.

8. CHATTEL MORTGAGES — RIGHTS OF PARTIES — ACTIONS FOR POSSESSION BETWEEN PARTIES—PLEADING.—That defendant pleaded no counterclaim did not defeat his right to have the amount of the mortgagee's interest determined, especially as Code Civ. Proc. 1912, sec. 321, authorizes the jury to find the amount due the plaintiff.

9. SET-OFF AND COUNTERCLAIM—ACTION FOR POSSESSION OF PROPERTY— COUNTERCLAIM.—Part payment of a mortgage debt by delivery of cotton and payment of a note cannot be pleaded as a counterclaim, since no separate judgment could be based on such payments which is a necessary requisite of a counterclaim under Code Civ. Proc. 1912, sec. 200.

10. JURY—RIGHT TO JURY TRIAL—RECOVERY OF PERSONALTY.—In a claim and delivery action, the plaintiff was entitled to a jury trial notwithstanding a defense of part payment by delivery of cotton to plaintiff,

and the fact that plaintiff's claim was partly for goods furnished defendant.

Before SHIPP, J., Barnwell, May, 1915.   Reversed.

Action by T. A. Greene against Henry Washington. From an order of reference with leave to amend the answer, plaintiff appeals.

*Messrs. G. M. Greene* and *C. A. Best,* for appellant, as to counterclaim, cite: 15 S. C. 461; 30 S. C. 167; Code Civ. Proc. 321; 93 S. C. 99.

*Messrs. J. O. Patterson, Jr.,* and *Bates & Simms* for respondent, cite: *As to equitable relief:* 15 S. C. 458; Pom. Rem. 767; distinguish 45 S. C. 120; 54 S. C. 402.   *Equitable counterclaims allowed:* 69 S. C. 227; 90 S. C. 128; Code Civ. Proc., sec. 331; 49 S. C. 423; 34 S. C. 169.   *Order of trial discretionary:* 70 S. C. 282; 76 S. C. 213.   *Reference:* 40 S. C. 89; 64 S. C. 290; 65 S. C. 457.

July 27, 1916.

The opinion of the Court was delivered by MR. JUSTICE HYDRICK.

This was an action of claim and delivery to recover possession of certain personal property covered by a chattel mortgage, executed by defendant to plaintiff, the condition of which had been broken.   The complaint was in the usual form of such actions.

The answer contained a general denial, and two affirmative defenses, stated in substance, as follows: First, That in January or February, 1913, plaintiff agreed to furnish defendant six tons of guano and other supplies upon which to make his crop of that year, and, to secure the same, defendant gave plaintiff a mortgage; that the mortgage debt

included a note for $100 indorsed by plaintiff for defendant at bank, which was paid by defendant at maturity. Second. That defendant is not indebted to plaintiff more than between $300 and $400, upon which defendant paid plaintiff seven bales of cotton. The prayer is that plaintiff be required to prove the items advanced to defendant, and account for the seven bales of cotton paid to him by defendant, and for general relief.

The "case" contains the following statement:

"At the close of the testimony the defendant admitted, in open Court, that there was a balance due by the defendant to the plaintiff upon the chattel mortgage introduced in evidence, and that the jury should find the amount due; but his Honor held that inasmuch as the defendant failed to plead his counterclaim allowed by the statute, he was not entitled to have the jury determine the amount due, and directed the jury to find the property in dispute for the plaintiff, leaving it to the jury to determine the value of said property. Upon the coming in of this verdict the defendant moved for an order of reference to the master to take the testimony and report the amount due, and for leave to amend his answer, which was granted, over the protest of the plaintiff."

From this order plaintiff appealed.

It would be difficult, on principle or authority, to sustain an order of reference, against objection, before the pleadings are in, unless it is certainly known what they are going to be, for until then it is impossible to decide what the issues are—whether legal or equitable and whether triable, as of right, by jury or by the Court. Under the unlimited power of amendment, allowed by the order (which was that defendant be allowed to amend as he may be advised), defendant may set up a purely legal defense; if he does, plaintiff would be deprived of the mode of trial guaranteed to him by the Constitution.

In *Holladay* v. *Holladay,* 27 S. C. 622, 3 S. E. 80, there was an action by judgment creditors to set aside a deed of their debtor to his wife and children. The defendants demurred to the complaint. The Court overruled the demurrer, allowed defendants time to answer, and ordered a reference at the expiration of the time allowed. Held, that: "The order of reference was premature, both because it was before the answers were filed, and because an appeal from the order overruling the demurrer was then pending."

Where there are both legal and equitable issues, it is in the discretion of the Court to decide which shall be tried first. The discretion should generally be in favor of trying those issues first which would most probably end the case. But until the issues are known, the discretion cannot be intelligently or wisely exercised.

The common law, except as modified by statute, is the law of this State with regard to the rights of mortgages under chattel mortgages. After condition broken, the title to the mortgaged property becomes vested in the mortgagee, and he can take possession of it from the mortgagor himself, or from any third person, in whose possession he may find it, if he can do so peaceably, or he can sue the mortgagor or such third person to recover possession of it or for damages for its conversion. The mortgagor has the right, in equity, to redeem, before sale, and, after sale, to require the mortgagee to account for the surplus proceeds of sale, if any. *Wolff* v. *Farrell,* 5 S. C. L. (3 Brev.) 68; *Trescott* v. *Smyth,* 6 S. C. Eq. (1 McCord Eq.) 486; *Spriggs* v. *Camp,* 29 S. C. L. (2 Speers) 181; *Bellune* v. *Wallace,* 31 S. C. L. (2 Rich.) 80; *Reese* v. *Lyon,* 20 S. C. 17; *McClendon* v. *Wells,* 20 S. C. 514.

Claim and delivery is a purely legal action. It is a combination of the common law actions of replevin and trover (*Reynolds* v. *Philips,* 72 S. C. 34, 51 S. E. 523), and is therefore, *ex delicto.* Therefore, until allowed by statute, no counterclaim could be interposed by a defendant in such an action. *Williams* v. *Irby,* 15

S. C. 458; *Talbot* v. *Padgett,* 30 S. C. 167, 8 S. E. 845; *Singer Mfg. Co.* v. *Smith,* 40 S. C. 529, 19 S. E. 132, 42 Am. St. Rep. 897; *Badham* v. *Brabham,* 54 S. C. 400, 32 S. E. 444. But in these cases, the Court quoted with approval from section 767 of Pomeroy's Remedies and Remedial Rights, as follows:

"It would seem that in an action to recover the possession of specific chattels no counterclaim is possible, unless, perhaps, *equitable relief may be demanded under some exceptional circumstances."* (Italics added.)

In *Ludden & Bates* v. *Hornsby,* 45 S. C. 111, 22 S. E. 781, plaintiffs brought an action in claim and delivery for an organ, and defendant was allowed to set up, as a defense, not as a counterclaim, that plaintiffs had perpetrated a fraud upon her in the sale of the instrument, and the Court adverted to the fact that the fraud alleged grew out of the transaction which was the foundation of plaintiffs' alleged right to recover. That was a defense cognizable at law as well as in equity. In *Sparks* v. *Green,* 69 S. C. 198, 48 S. E. 61, defendant was allowed to set up an equitable defense on the ground that "every matter set up in the supplemental answer grows out of or is inseparably connected with plaintiff's cause of action." It follows from these decisions that any defense, legal or equitable, which, if sustained, would defeat plaintiff's right to recover, may be interposed to such an action.

Though it is not necessary to the decision of this case, since the right to redeem has not been asserted by defendant in his answer, it may, nevertheless, be said in passing that no good reason is apparent why a defendant mortgagor may not, in an action by the mortgagee to recover possession of the mortgaged property, set up in his answer his right to redeem. Otherwise he would be put to a separate action to redeem, which would entail unnecessary expense, delay, and multiplicity of actions, which the reformed procedure was

largely designed to prevent.    Section 4107 of the Civil Code
of 1912 expressly gives the mortgagor of chattels the right
to redeem at any 'time before sale by mortgagee by paying
the debt and costs incurred; and it further provides that a
tender by the mortgagor of an amount sufficient for that pur-
pose, if not accepted, shall render the mortgage void.  If an
honest dispute exists between the parties as to the amount
due, they are not required to act at their peril—the one to
offer more or the other to accept less than is justly due to
obtain or preserve their rights—but they have the right to
have the amount judicially ascertained.    *Reynolds* v. *Price,*
88 S. C. 525, 71 S. E. 51.

But, whether this be so or not, the rule, even at common
law, is that where the rights of the prevailing party in a
possessory action are confined to a special and limited inter-
est, as the amount due on a chattel mortgage, he is
not entitled to recover the full value of the property,
but its value should be limited to the value of his
special interest, not exceeding, of course, the full value of
the property.    7 Cyc. 33-35; 34 Cyc. 1568; 1 Sedg. on Dam-
ages, sec. 82.    This rule was recognized and applied by this
Court in *Williams* v. *Dobson,* 26 S. C. 110, 1 S. E. 421,
where the mortgagee of chattels sued a constable for con-
version for having seized and sold them under execution
against the mortgagor.    It was held that defendant was
liable to the extent of the mortgage debt, provided the value
of the property converted was so much; if less, then for the
full value.    Therefore defendant clearly had the right to
have the amount due on plaintiff's mortgage ascertained in
this action, so that he could pay it with the costs, and have
the property discharged, and the Court erred in holding that,
when defendant admitted that there was a balance due on
the mortgage, plaintiff was entitled to judgment for the
possession of the property, or its full value in case delivery
could not be had.    If, in such cases, for any reason, it should
be made to appear that fixing the value of the property at the

value of the special interest, instead of finding the real value thereof, would give rise to complications, then the Court might direct the jury to find the real value of the property, and, by special verdict, find the amount of the special interest. In that event, an order could be made that the judgment would be satisfied, upon payment of the amount found to be due and the costs of the action. Such procedure is warranted by section 321 of the Code of Civil Procedure, which reads:

"In every action for the recovery of money only, or specific real property, the jury in their discretion may render a general or special verdict. In all other cases, the Court may direct the jury to find a special verdict in writing upon any or all of the issues, and in all cases may instruct them, if they render a general verdict, to find upon particular questions of fact, to be stated in writing, and may direct a written finding thereon. The special verdict or finding shall be filed with the clerk, and entered upon the minutes.

"In every action for the recovery of personal property which has been pledged in any way to secure credit or debt, the defendant may plead his counterclaim arising out of the same transaction, and the jury in such case may find, in addition to the verdicts now provided by law, the amount due to the plaintiff, if any; and in such case the defendant shall have the right to pay said amount, and costs, and the property shall thereafter be free from the incumbrance."

The Court seems to have been under the impression, as appears from the statement hereinbefore set out from the record, that, because defendant failed to plead his counterclaim, as allowed by the statute, he was not entitled to have the jury determine the amount due on the mortgage. As has been shown, this was error. Not only is it permissible at common law, but by the statute above quoted, where it is said: "And the jury in such case may find, in addition to the verdicts now provided by law, the amount due to the plaintiff, if any."

The defendant properly pleaded the payments alleged in his answer, as payments on the mortgage debt. If he had proved payment of the mortgage debt in full, that would have defeated plaintiff's action. *Spears* v. *Fields,* 72 S. C. 397, 52 S. E. 44. Defendant alleged in his answer that he paid the note for $100, which was included in the mortgage debt, and that the balance amounted to no more than between $300 and $400, "upon which the defendant has paid unto the said plaintiff seven (7) bales of cotton."

A counterclaim is a cause of action existing in favor of a defendant against a plaintiff upon which a separate judgment might be had. Code, sec. 200. Now, clearly, if defendant paid the note and delivered the cotton, as he alleged, in payment *pro tanto* of the mortgage debt, he has no cause of action against plaintiff to recover either the amount of the note or the value of the cotton. His only right was to have them applied in extinguishment of the debt. Therefore they cannot properly be pleaded as a counterclaim. In Pom. Rem., sec. 753, the author says:

"It is an essential element in the legal notion of a counterclaim that it must be a cause of action; must consist of a right to some affirmative relief, and not be matter simply defensive, either in bar of the plaintiff's recovery, or in reduction of its amount. Thus, in an action for the price of work, labor, and material, the defendant in his answer set up payments made by him in excess of the plaintiff's demand, but did not in a formal manner call his pleading a counterclaim, nor demand judgment for the surplus. At the trial he insisted that his allegations were admitted because the plaintiff had not replied. His contention was overruled, not upon the defects of form, but upon the absence of any cause of action. The payments as stated to have been made being voluntary, no right to recover back the excess existed; and the answer was nothing more than the defense of payment."

Clearly the defense of payment set up in the answer is purely legal in its nature, and plaintiff had the right to have it tried by the jury. The fact that defendant prays that plaintiff be required to account for the value of the cotton delivered imparts no equitable feature to the transaction. Nor does the fact that plaintiff's claim is based in part on an account for goods advanced to defendant. The case of *Smith* v. *Bryce,* 17 S. C. 538, is conclusive against any such contention. That was an action on account for moneys advanced by plaintiffs, who were cotton factors and commission merchants, to defendant, at divers times, to be used by defendant in buying cotton to be shipped to plaintiffs for sale on commission. The transaction extended over more than a year, and involved a long account on both sides for moneys advanced to defendant by plaintiffs at various times, and cotton shipped at divers times to plaintiffs by defendant to be sold and the proceeds applied in payment of his account. This Court reversed an order of reference made on the ground that the examination of a long account was involved, and held that defendant was entitled, under the Constitution, to a jury trial. The Court, by Mr. Justice McIver, said:

"We are unable to discover in this case anything which imparts to it any feature of equitable cognizance. There is no allegation of any complexity in the account requiring the aid of the machinery of a Court of equity for its proper adjustment, no allegation of any difficulty in making the necessary proof before the jury, or of any obstacle in the way of a proceeding at law, no demand for a discovery, nothing to indicate that the plaintiffs have not a plain, adequate and complete remedy at law. Indeed, the plaintiffs do not ask for an accounting, and, on the contrary, the whole frame of their complaint shows that no accounting is necessary or desirable. They simply present a plain legal demand, and demand a judgment which a Court of law is quite as competent to render as a Court of equity would be."

It follows that the Court below erred in referring the issues in this case; but, as defendant has the right to have the amount due on the mortgage determined in this action, which he demanded, the order of reference is reversed, and the case remanded for the purpose of having the amount due ascertained by the verdict of a jury.

Reversed.

MR. CHIEF JUSTICE GARY and MESSRS. JUSTICES WATTS and FRASER concur in the opinion of the Court.

MR. JUSTICE GAGE, *dissenting.* I dissent. The plaintiff had a naked legal title to the property charged with the payment of a debt due to him by the defendant. The plaintiff was not owner of the property. The complaint stated a case at law; and when the testimony showed a past-due mortgage and some of the debt unpaid, the plaintiff was entitled to a verdict.

The answer pleaded a distinctly equitable defense, to wit: That the plaintiff did have title, but that the plaintiff was creditor and the defendant was debtor, and that the defendant did not owe the plaintiff near the full debt evidenced by the mortgage, and all plaintiff was entitled to was payment. A jury could try the plaintiff's legal title, but not the defendant's equitable right; that was triable by a master, for it involved the right of the defendant to redeem.

The defendant might, before action by plaintiff, have filed a complaint to redeem, setting up the very things he did set up in his answer, and the action would have been in equity. That is axiomatic. The principle is admittedly not altered that the equitable right is set up in an answer. A defendant's right is not different from a plaintiff's right.

The trial Court might have directed the master to first try the equity pleaded by the answer, and that would have ended the case; or the Court might have let the plaintiff make formal proof before a jury of his naked legal title, as the

Court did do, and then refer the equitable defense to the master, as it did do. The defendant did not plead a counterclaim, in name or in essence; he pleaded an equity.

The Circuit Court committed a harmless error to call the defendant's right a counterclaim; but the Court was right not to defer its determination to the jury.

The essential fact in issue is but this: How much is the debtor due to the creditor on a debt secured by a mortgage? That is plainly an issue in chancery. The pleading which unmistakably made that issue is the answer; and it was already in when the order was made.

I think the Circuit Court was distinctly right, and the order should be affirmed.