## LOEB v. MANN.

1. CLAIM AND DELIVERY—DAMAGES.—In an action of claim and delivery of personal property and for ordinary damages for its detention, the jury cannot include in their verdict for recovery damages based upon time lost by plaintiff and his expenditures for attorney's fees, traveling expenses and hotel bills in the prosecution of the action.

Before IZLAR, J., Abbeville, January, 1893.

Action by Leopold F. Loeb and others, partners as Loeb Bros. & Co., against W. D. Mann. J. S. Loeb, a witness for plaintiffs, was permitted to state that four packages of plaintiffs' goods were found in defendant's possession, and were recognized by him as such. Defendant objected to this testimony, insisting that the books of original entry, showing the consignment, were the best evidence, but the objection was overruled. Defendant offered in evidence the mortgage under which the defendant took possession, but it was ruled out, the subscribing witness not being present. The defendant appealed on the following exceptions: 1. Because the Circuit Judge erred in not requiring the production of the books of original entry, to prove the sale, especially when the plaintiff swore he carried a pocket ledger. 2. [Stated in the opinion.] 3. Because the Circuit Judge erred in refusing to allow proof, to the effect that the goods were seized under a certain mortgage, but required the testimony of the subscribing witnesses for this collateral purpose.

*Messrs. Parker & McGowan,* for appellants.

*Messrs. Graydon & Graydon,* contra.

September 21, 1893. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This is an action of "claim and delivery" for certain articles of personal property. It seems that F. C. Perry was a retail liquor dealer in Abbeville; that he failed, having in his store the following articles, viz: two barrels of rye whiskey and two cases of fine brandy, worth in the aggregate $223.60; that these articles had been seized by the defendant Mann as sheriff, in behalf of one claiming to be a mortgage creditor of Perry, and that the articles were covered by his mortgage.

The plaintiffs are liquor dealers of Cincinnati, Ohio, and the complaint alleged that the aforesaid articles, although in Perry's store at Abbeville, were not his property, but had been "con-

signed" to him by the plaintiffs for sale upon their account, and that the defendant, W. D. Mann, the sheriff, wrongfully and unlawfully took said articles from the possession of Perry, and although demanded by the plaintiffs, the said defendant refused to deliver them, and still unjustly detains them from the plaintiffs, "to their damage two hundred dollars. Wherefore, the plaintiffs demand judgment against the defendant for the recovery of possession of the said goods, or in case a delivery thereof cannot be had, for the value thereof, the sum of $223.40, together with $200, their damages, and for the costs and disbursements of the action." The defendant answered, that he did not wrongfully and unlawfully take possession of said goods and chattels, but claimed that he seized the same under and by virtue of a certain mortgage to one Bieman by F. C. Perry, who was then in possession of said goods; and that after the seizure and before demand by plaintiffs, the defendant was enjoined from selling or disposing of said goods by the court until further order, which has never been made.

During the progress of the trial, J. S. Loeb, one of the plaintiffs, was allowed to testify that he was the traveling member of the plaintiffs' firm, and that in that capacity made his regular rounds about five times in the year, and he came to Abbeville to collect a debt; that he was shown the barrels and cases of liquor in the custody of the defendant, and upon demand and refusal to deliver the articles, he instituted the action, gave bond, and having the goods delivered to him, he shipped them off upon the Richmond and Danville Railroad. Among other things, he was allowed (over objection) to state what damages he had sustained by reason of the taking of the goods by the sheriff, the expenses he had incurred, such as railroad expenses and all that. (Objection of defendant overruled.) Witness proceeded: "Well, in all I have lost ten days' time. I have made one trip, besides the one here. When I came here for the goods, I came from Charleston, and returned just as I am doing now, and my time, at the least calculation, is worth $5 a day, and railroad fare $33 for the second trip; hotel bills $23, and my attorneys' fee is ten per cent. on the amount recovered, $22, aggregating $129.93. (Objection noted by request.")

Upon the subject of damages, the Circuit Judge charged as follows: "Now, as to damages, in case you should find for the plaintiffs, the successful party is entitled to damages in all cases where damages are claimed. The amount may be nominal, and it is for you to say what it shall be. In estimating the damages, you are to be governed by the evidence. You must not give remote or speculative damages, and in actions of this kind the case may arise where vindictive damages may be allowed; but I see nothing in this case which would warrant vindictive damages. There was nothing in the action of the sheriff to show that what he did was done maliciously, wantonly, or recklessly; and the mere statement of the complaint that it was 'wrongfully' done does not necessarily imply that it was a forcible and malicious taking," &c.

There was no evidence that the property itself had been damaged or even opened, or that the short delay had reduced the price. The verdict was for the plaintiffs (already in possession of the property), and fifty dollars damages. The defendant appeals upon several grounds; but, from the view which the court takes, it will not be necessary to consider any of them except the *second,* which is as follows: "Because the Circuit Judge erred in allowing the plaintiff, over specific objections, to swear that he was damaged in the sum of $129.93, included in which amount was an itemized statement as to the plaintiffs' alleged expenses, as follows: (1) ten days lost (computed), $5 per day; (2) railroad fare, $33; (3) hotel bills, $23; (4) attorneys' fees, ten per cent. on amount recovered, $22."

The complaint does not make any claim for special damage, and the Circuit Judge charged that the case was not one for vindictive damages, so that it must be considered as a plain and ordinary case for the recovery of personal property, and damages for its detention. "To recover damages for the detention of personal property (the property having been delivered), special damage cannot be recovered unless expressly alleged." *Lipscomb* v. *Tanner,* 31 S. C., 49. What is this special damage which cannot be proved without being specifically alleged? There is certainly a lack of clearness in the authorities on the subject, but it seems to us that

what are called "general damages," as contradistinguished from "special damages," are admitted in evidence under a general allegation—indeed, are inferred by the law itself—for the reason that they are the immediate, direct and proximate result of the act complained of, as, for instance, an injury to the property itself, or its value, by detention, &c.; while damages which, although the natural are not the necessary consequence of the act, being outside of the "costs and disbursements" allowed by law, and consequential in their nature, are not admissible in evidence without special notice of the claim in the allegations of the complant, and are, therefore, called "special damages." It is elementary that damages, in the ordinary sense, must be the immediate result of the act complained of. See Woods Mayne on Damages, p. 48, and authorities in the notes.

Section 326 of the Code provides that the prevailing party may have taxed and inserted in the judgment "the sum of the allowances for costs and disbursements, as prescribed by law, the necessary disbursements, including the fees of officers allowed by law, the fees of witnesses, the reasonable compensation of commissioners in taking depositions, the fees of referees, and the expense of printing the papers for any hearing when required by a rule of the court. The disbursements shall be stated in detail and verified by affidavit," &c. See sections 2425 and 2428 of the General Statutes. It would seem that in an ordinary case, where no special damage is asked for, this provision would limit the compensation allowed by law to the prevailing party, who had already the possession of his property.

But it is urged that this action of "claim and delivery" is peculiar in this, that the law expressly gives to the prevailing party damages in addition to costs and disbursements. It is true that section 283 of the Code provides as follows: "In an action for the recovery of specific personal property, if the property have not been delivered to the plaintiff, or if it have, and the defendant by his answer claims a return thereof, the jury shall assess the value of the property, if their verdict be in favor of the plaintiff, or if they find in favor of the defendant, and that he is entitled to a return thereof; and may at the

same time assess the damages, if any are claimed in the complaint or answer, which *the prevailing party has sustained by reason of the detention or taking and withholding such property,*" &c. What damages? Why, surely such damages as "may have been sustained by reason of the seizure and detention of the property itself; that is to say, by direct and proximate injury of the property in question, or in reducing its value; and not for the purpose of allowing a party to reimburse himself as to consequential losses alleged to have been sustained in the prosecution of the case, in respect to the speculative value of time lost, and the payment of the bills of railroads and hotels, lawyers' fees, &c."

"The expenses incurred by a plaintiff in consulting an attorney and in obtaining a legal opinion upon the validity of his claim, is not recoverable as a part of the damages. Parties must do what they think right, and the expense of getting the experience of attorneys to advise is not to be repaid by the other party. Nothing of that sort can be allowed in damages, and every thing of that nature that a plaintiff is entitled to, will be allowed in the taxation of costs." 2 Add. Torts, 1188. See *Welch* v. *Railroad*, 12 Rich., 292; *Hill* v. *Thomas*, 19 S. C., 236; *Oelrichs* v. *Spain*, 15 Wall., 211; and Sedgwick on Damages, page 99. The case of *Welch* v. *Railroad Company*, from Richardson, was an action on the case to recover against the company damages for a lost trunk, and it was held that a lawyer's fees, which the plaintiff may be required to pay his counsel in the case, is not, in this State, to be allowed by the jury, in estimating the plaintiff's damages. Judge O'Neall, in delivering the judgment of the court, said: "It cannot be said to be a necessary result of the act done by, or negligence of, the defendant. If this had been a case in which vindictive damage could be given, and the jury had found in gross beyond the value of the article lost, then, indeed, this verdict could not have been disturbed. But in this case there is nothing that calls for such a verdict. It is, therefore, ordered, that a new trial be given, unless the plaintiff shall enter a remittitur," &c. This seems to be precisely in point.

In the case of *Oelrichs* v. *Spain*, 15 Wallace, *supra,* it was held

that counsel fees can not be allowed as part of the damage covered by an injunction bond, and Mr. Justice Swayne, in delivering the opinion of the court, said: "In actions of trespass, where there is no circumstance of aggravation, only compensatory damage can be recovered, and they do not include the fees of counsel. The plaintiff is no more entitled to them, if he succeed, than is the defendant if the plaintiff be defeated. Why should a distinction be made between them? In certain actions *ex delicto* vindictive damages may be given by the jury. In regard to that class of cases, this court has said: 'It is true, that damages assessed by way of example, may indirectly compensate the plaintiff for money expended in counsel fees, but the amount of these fees are not to be taken as a measure of punishment, or a *necessary element in its infliction.*' The point here in question has never been expressly decided by this court, but it is clearly within the reasoning of *Day* v. *Woodworth,* 13 How., 370, and we think it is substantially determined by that adjudication. In debt, covenant and assumpsit damages are recovered, but counsel fees are never included. So, in equity cases, where there is no injunction bond, only the taxable costs are allowed to the complainants. The same rule is applied to the defendant, however unjust the litigation on the other side, and however large the *expensa litis,* to which he may have been subjected. There is no fixed standard, by which the *honorarium* can be measured. Some counsel demand much more than others; some clients are willing to pay more than others; more counsel may be employed than are necessary," &c., &c.

We regard it as well settled in this State, both by decisions here and in the Supreme Court of the United States, that counsel fees are not allowable as part of the plaintiff's damages, for the reason that they can not be said to be the necessary result of the act done by the defendant. It is true, that the decided cases do not seem to be as full and clear in reference to the other items of expenditures claimed here as damages; but we confess that in respect to damages, we are unable to draw a distinction in principle between expenses incurred in paying lawyers' fees and in making a charge for the speculative loss of time and paying railroad and hotel bills, &c.

The judgment of this court is, that the judgment of the Circuit Court be reversed and a new trial ordered, *unless*, within ten days after notice of this judgment, the plaintiffs, or their attorney of record, release on the record of this case the verdict for fifty dollars damages; and, thus reduced, that the judgment giving the property to the plaintiffs, with costs and disbursements, be affirmed.