22576

Arthur E. SHEEK and Barbara L. Sheek, Respondents v. Robert Michael LEE and Candace Rix Lee, Appellants.

(345 S. E. (2d) 496)

Supreme Court

---

*H. Michael Gainey* and *Everette Hoke Babb*, Mauldin, *for appellants.*

*Robert M. Ariail* of *Mitchell & Ariail*, Greenville, *for respondents.*

Heard April 22, 1986.

Decided June 16, 1986.

NESS, Chief Justice:

Appellants Lee (buyers) appeal an order of the master which awarded respondents Sheek (sellers) damages for the buyers' failure to close a real estate transaction. We affirm in part and reverse in part.

The buyers contracted to purchase the sellers' home and deposited $2,000 as earnest money. When the buyers failed to consummate the sale, the sellers retained the earnest money and brought suit for breach of contract. The master awarded the sellers damages of $7,189.53. The buyers directly appealed to this Court.

Buyers assert error in the master's finding that the damages awarded were general damages rather than special damages.

General damages are those which must necessarily result from the wrongful act upon which liability is based. It is not sufficient to show that the damages sought are the natural result of the breach. "Damages for losses that are the natural and proximate, but not the *necessary*, result of the injury may be recovered only when such special damages are sufficiently stated and claimed." (Em-

phasis added.) *Hobbs v. Carolina Coca-Cola Bottling Company*, 194 S. C. 543, 10 S. E. (2d) 25, 28 (1940). The law implies general damages. Special damages, however, are not implied by law because they do not necessarily result from the wrong. *Carolina Life Insurance Company v. Bank of Greenwood*, 217 S. C. 277, 60 S. E. (2d) 599 (1950). Special damages must be alleged in the complaint to avoid surprise to the other party. *Crozier v. Charleston & W. C. Railway Company*, 222 S. C. 121, 71 S. E. (2d) 800 (1952).

Sellers alleged only general damages in their complaint. We agree with buyers that costs related to construction of a sellers' new home do not necessarily result from the breach of a real estate contract. These damages occur because of the special circumstances of the sellers, and therefore must be specially pleaded. These damages were improperly awarded.

We reverse that portion of the order which awarded damages relative to the sellers' new home. These damages totaled $5,625.35. The award is therefore reduced to $1,564.18. We agree with the master that the remaining elements of damage were recoverable as general damages.

The buyers next assert error in awarding any damages at all, since the sellers subsequently obtained from a third party the same purchase price the buyers had agreed to pay. Buyers assert the sole measure of damages for breach of a real estate contract is the difference between the contract price and the fair market value, citing *Benya v. Gamble*, 282 S. C. 624, 321 S. E. (2d) 57 (Ct. App. 1984). General damages may be measured by the difference between the contract price and the fair market value of the property at the time of the breach. *Bannon v. Knauss*, 282 S. C. 589, 320 S. E. (2d) 470 (Ct. App. 1984). While a plaintiff may rely upon this measure of general damages, he is not precluded from proving the general damages he actually sustained as a result of the breach. See, *Morris Morgan Realty Inc. v, Johnson*, 228 S. C. 43, 339 S. E. (2d) 514 (Ct. App. 1985). This exception is without merit..

Affirmed as modified.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.