682 S.E.2d 871

**Deborah Kay HACKWORTH and Edman Hackworth, Respondents,**

v.

**GREYWOOD AT HAMMETT, LLC, Appellant.**

**No. 4608.**

Court of Appeals of South Carolina.

Submitted June 1, 2009.

Decided Aug. 12, 2009.

V. Clark Price and Ella S. Barbery, of Greenville, for Appellant.

Bradford N. Martin, Laura W.H. Teer, and Keely M. McCoy, of Greenville, for Respondents.

WILLIAMS, J.

In this civil case, we must determine whether the trial court erred in dismissing Greywood at Hammett, LLC's (Greywood) cause of action for civil conspiracy against Deborah and Edwan Hackworth (collectively the Hackworths) on the ground the claim was not properly pled. We affirm.

## FACTS/PROCEDURAL HISTORY

This case arises out of a dispute between the Hackworths and Greywood over the placement of a road and the need for an easement on the Hackworths' property. Greywood is a South Carolina company in the business of real estate development. In the summer of 2006, Greywood purchased property in Greenville County and began construction of a subdivision (the Subdivision) located close to Hammett Road. The Subdivision was located directly behind the Hackworths' adjoining property. The plan for the Subdivision included an entrance that connected directly to Hammett Road, the location of which would traverse the Hackworths' property. Greywood sought an easement from the Hackworths to construct the entrance on their property.

For consideration of $50,000, the Hackworths agreed to grant Greywood a triangular shaped "sightline" easement [1] on the left side of their property for the entrance into the Subdivision (the Agreement). The terms of the Agreement were recorded in a Commercial Easement Agreement, which both parties signed on September 15, 2006.

Several months later, Greywood approached the Hackworths because it needed to relocate the entrance of the subdivision to the right side of the Hackworths' property. Greywood proposed a "land swap," whereby the Hackworths would switch the access to the right side of their property. The parties disagree as to whether the Hackworths accepted

1. A "sightline" easement is a triangular-shaped easement which, in this case, was to be located on the entrance road to the subdivision so as to allow drivers leaving the subdivision a clear view of the traffic on Hammett Road.

this proposal. Greywood contends the Hackworths agreed that Greywood would convey to the Hackworths a piece of property located next to the western boundary of the Hackworths' property line in exchange for two strips of land on the right side of the Hackworths' property. Greywood further contends it met with the Hackworths several times with contractors and other representatives to discuss plans for removing certain trees from the Hackworths' property and that Edwan Hackworth even assisted in selecting and marking trees for removal. In contrast, the Hackworths contend Greywood entered onto their property without permission and began cutting down trees and shrubs. Greywood claims to have prepared a written agreement to memorialize this proposed exchange of land, but no such agreement was ever signed.

The Hackworths filed suit on December 21, 2007, alleging causes of action against Greywood for trespass, violation of section 16–11–520 of the South Carolina Code (2008), commonly referred to as the Timber Statute, and breach of contract arising out of the Agreement. Greywood filed an answer with two counterclaims: one for breach of contract accompanied by a fraudulent act and one for civil conspiracy. In response, the Hackworths filed a motion to dismiss and/or strike, among other things, the cause of action for civil conspiracy on the grounds that Greywood failed to allege the required elements for a civil conspiracy claim.

After a hearing, the trial court granted the Hackworths' motion to dismiss and/or strike Greywood's civil conspiracy cause of action. The trial court held Greywood failed to properly plead its civil conspiracy cause of action because Greywood simply repeated verbatim the allegations and damages from its breach of contract claim in its civil conspiracy claim. Accordingly, the trial court dismissed the civil conspiracy claim. This appeal followed.

## STANDARD OF REVIEW

Any objections to impertinent or scandalous matters in a pleading are properly raised by a party in a motion to strike. *Doe v. Doe,* 324 S.C. 492, 499, 478 S.E.2d 854, 857 (Ct.App.1996). A motion to strike that challenges a theory of recovery in the pleading is in the nature of a motion to dismiss

under Rule 12(b)(6), SCRCP. *McCormick v. England,* 328 S.C. 627, 632, 494 S.E.2d 431, 433 (Ct.App.1997). A ruling on a motion to dismiss a claim must be based solely on the allegations set forth on the face of the claim. *Id.* at 632–33, 494 S.E.2d at 433. The motion cannot be sustained if the acts alleged and the inferences reasonably deductible therefrom would entitle the plaintiff to any relief on any theory of the case. *Id.* at 633, 494 S.E.2d at 433.

## LAW/ANALYSIS

The tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing plaintiff special damage. *Vaught v. Waites,* 300 S.C. 201, 208, 387 S.E.2d 91, 95 (Ct.App. 1989). The difference between civil and criminal conspiracy is in criminal conspiracy, the gravamen of the offense is the agreement itself, whereas in civil conspiracy, the gravamen of the tort is the damage resulting to plaintiff from an overt act done pursuant to a common design. *Id.; see also Pye v. Estate of Fox,* 369 S.C. 555, 567–68, 633 S.E.2d 505, 511 (2006) ("The gravamen of the tort of civil conspiracy is the damage resulting to the plaintiff from an overt act done pursuant to the combination, not the agreement or combination per se.").

A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint. *Todd v. S.C. Farm Bureau Mut. Ins. Co.,* 276 S.C. 284, 293, 278 S.E.2d 607, 611 (1981) *rev'd on other grounds,* 283 S.C. 155, 321 S.E.2d 602 (1984) *quashed in part on other grounds,* 287 S.C. 190, 336 S.E.2d 472 (1985). Moreover, because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action. *Vaught,* 300 S.C. at 209, 387 S.E.2d at 95.

### 1. Additional Acts in Furtherance of the Conspiracy

An unexecuted civil conspiracy is not actionable. *Charles v. Tex. Co.,* 199 S.C. 156, 163, 18 S.E.2d 719, 727 (1942). The conspiracy becomes actionable, however, once overt acts occur which proximately cause damage to the plaintiff. *Todd,* 276 S.C. at 292, 278 S.E.2d at 611. In a civil conspiracy claim, one must plead additional acts in furtherance of the conspiracy separate and independent from other wrong-

ful acts alleged in the complaint, and the failure to properly plead such acts will merit the dismissal of the claim. *See id.* at 293, 278 S.E.2d at 611 (dismissing plaintiff's civil conspiracy claim because "the [civil conspiracy] action does no more than incorporate the prior allegations and then allege the existence of a civil conspiracy and pray for damages resulting from the conspiracy. No additional acts in furtherance of the conspiracy [were] plead"); *Kuznik v. Bees Ferry Assocs.*, 342 S.C. 579, 611, 538 S.E.2d 15, 31 (Ct.App.2000) ("Because [the third party plaintiff] . . . merely realleged the prior acts complained of in his other causes of action as a conspiracy action but failed to plead additional acts in furtherance of the conspiracy, he was not entitled to maintain his conspiracy cause of action."); *Doe v. Erskine Coll.*, No. 8:04–23001RBH, 2006 WL 1473853, at *17 (D.S.C. May 25, 2006) (granting defendant's motion for summary judgment on plaintiff's civil conspiracy action because "the Complaint does not plead specific facts in furtherance of the conspiracy; instead the Complaint simply restates alleged wrongful acts pled in relation to the plaintiff's other claims for damages."); *James v. Pratt & Whitney*, 126 Fed. Appx. 607, 613, 2005 WL 670623 (D.S.C.2005) ("If appellant failed to allege facts for his civil conspiracy claim separate and distinct from his other two claims, then his civil conspiracy claim would fail under *Todd.*").

In this case, Greywood has reiterated verbatim the allegations contained in its cause of action for breach of contract accompanied by fraudulent act in its civil conspiracy claim. Specifically, paragraph 46, which lists the fraudulent acts for the breach of contract action, contains the exact same acts alleged in paragraph 49, which is part of the civil conspiracy cause of action. As these two paragraphs and their subparts are identical, nothing in the civil conspiracy claim informs the Hackworths what acts in furtherance of the alleged conspiracy they are being accused of. Accordingly, we do not believe Greywood has adequately alleged acts in furtherance of a civil conspiracy.

## 2. Special Damages

Special damages are those elements of damages that are the natural, but not the necessary or usual, consequence of the defendant's conduct. *Loeb v. Mann,* 39 S.C. 465, 469, 18 S.E. 1, 2 (1893). General damages are inferred by

the law itself, as they are the immediate, direct, and proximate result of the act complained of. *Sheek v. Lee*, 289 S.C. 327, 328–29, 345 S.E.2d 496, 497 (1986). Special damages, on the other hand, are not implied at law because they do not necessarily result from the wrong. *Id.* at 329, 345 S.E.2d at 497. Special damages must, therefore, be specifically alleged in the complaint to avoid surprise to the other party. *Id.*

If a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim, their conspiracy claim should be dismissed. *See Vaught*, 300 S.C. at 209, 387 S.E.2d at 95 ("The damages sought in the conspiracy cause of action are the same as those sought in the breach of contract cause of action. Because no special damages are alleged aside from the breach of contract damages, we hold the conspiracy action is barred under *Todd*."); *Charleston Aluminum, Inc. v. Samuel, Son & Co., Inc.*, No. 3:05–02337–MBS, 2006 WL 2370292, at *3 (D.S.C. Aug.15, 2006) (granting defendant's motion to dismiss plaintiff's civil conspiracy claim because "the damages pleaded by [p]laintiff in the civil conspiracy cause of action are duplicative of the damages asserted with respect to the contract causes of action"); *Doe*, 2006 WL 1473853, at * 17 (holding plaintiff's conspiracy claim failed as a matter of law because plaintiff failed to plead special damages; instead plaintiff's conspiracy count "merely realleged[d] the same damages [p]laintiff claim[ed] to have suffered in relation to her other claims").

In this case, Greywood has repeated verbatim the same damages in its civil conspiracy claim as are alleged in its claim for breach of contract accompanied by a fraudulent act. Nothing in the claim informs the Hackworths what special damages are alleged as part of Greywood's civil conspiracy claim. Accordingly, we believe under the case law cited above, Greywood failed to properly plead its civil conspiracy cause of action, and therefore, the trial court did not error in dismissing the claim.

### 3. Greywood's Arguments

Greywood first argues the C.J.S. excerpt relied on by the South Carolina Supreme Court in *Todd* was misconstrued. We disagree.

In *Todd*, the trial court overruled the defendant's demurrer to the plaintiff's civil conspiracy cause of action. *Todd*, 276 S.C. at 293, 278 S.E.2d at 611. In reversing the trial court, our supreme court relied on 15A C.J.S. *Conspiracy* § 33, at 718 [2], holding "Where the particular acts charged as a conspiracy are the same as those relied on as the tortious act or actionable wrong, plaintiff cannot recover damages for such act or wrong, and recover likewise on the conspiracy to do the act or wrong." *Id.*

Greywood argues *Todd* should be overturned because the C.J.S. excerpt cited by our Supreme Court in that case does not stand for the proposition that a party cannot plead and prove alternative theories of recovery. Greywood reads this excerpt to mean only that a party cannot recover monetary damages for both the underlying wrong and the conspiracy to commit the wrong.

Even though *Todd* was decided before the South Carolina Rules of Civil Procedure (the Rules) were in effect, the holding in *Todd* does not prevent a party from pleading alternative theories in cases involving civil conspiracy. It simply requires that when a party wishes to assert multiple causes of action, including civil conspiracy, it must allege acts in furtherance of the conspiracy and special damages that are separate and independent of the other acts and damages that underlie the other causes of action within the same complaint. *See Todd*, 276 S.C. at 293, 278 S.E.2d at 611 ("[T]he [civil conspiracy] action does no more than incorporate the prior allegations and then allege the existence of a civil conspiracy and pray for damages resulting from the conspiracy. No additional acts in furtherance of the conspiracy are [pled]."); *Vaught*, 300 S.C. at 208, 387 S.E.2d at 94 (relying on *Todd* in affirming the trial court's holding no conspiracy existed "because Vaught could not predicate his conspiracy cause of action on the same facts as his breach of contract action").

Furthermore, the C.J.S. excerpt was not the only basis for our Supreme Court's ruling in *Todd*. The Court in *Todd* held because a conspiracy only becomes actionable "once overt acts

---

**2.** The current citation for the quoted paragraph of Corpus Juris Secundum used in *Todd* is 15A C.J.S. *Conspiracy* § 44.

occur which proximately cause damage to the [plaintiff]," it is necessary for the plaintiff to plead special damages apart from the damages listed as part of other claims in the complaint. *Todd*, 276 S.C. at 292–93, 278 S.E.2d at 611. In this case, Greywood's civil conspiracy action merely incorporated the same alleged acts as its breach of contract action.

Greywood also argues *Todd* and its progeny cannot be good law because *Todd* was decided prior to the adoption of the Rules in 1985. Specifically, Greywood argues because the use of the demurrer was abolished by Rule 7(c), SCRCP, and the demurrer was a "critical factor" in *Todd*, *Todd* is no longer good law. We disagree.

We do not believe the demurrer was critical in *Todd* such that *Todd* ceased to be good law after the abolition of the demurrer. In *Todd*, the use of the demurrer as an instrument was not critical to the Supreme Court's holding that special damages must arise from the conspiracy and be specifically pled. The validity of *Todd* does not depend on the viability of the demurrer because the demurrer was merely the proper instrument at the time for dismissing a claim for failure to properly plead the required elements.

## CONCLUSION

Accordingly, the trial court's decision is
**AFFIRMED.**

SHORT and LOCKEMY, JJ., concur.