**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Mother Doe A, Appellant,

v.

The Citadel, Respondent.

Appellate Case No. 2015-001920

———————————

Appeal From Charleston County
R. Markley Dennis, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2017-UP-282
Heard May 9, 2017 – Filed July 12, 2017

———————————

**AFFIRMED**

———————————

Allan Poe Sloan, III, Joseph C. Wilson, IV, and Kristen Bates Fehsenfeld, all of Pierce, Herns, Sloan & Wilson, LLC, of Charleston; Gregg E. Meyers, of Jeff Anderson & Associates, P.A., of Saint Paul, Minnesota, for Appellant.

M. Dawes Cooke, Jr., Randell Croft Stoney, Jr., and John William Fletcher, all of Barnwell Whaley Patterson & Helms, LLC, of Charleston, for Respondent.

———————————

**PER CURIAM:**  In this civil matter, Mother Doe A (Mother) appeals the circuit court's grant of summary judgment to The Citadel, arguing the court erred in dismissing her claims for (1) the loss of her minor son's services/consortium, (2) outrage, and (3) civil conspiracy.[1]  We affirm.

1.  First, we must uphold the circuit court's grant of summary judgment in favor of The Citadel as it relates to Mother's claim for the loss of her child's consortium. Like the circuit court, we are bound by our supreme court's explicit holding in *Doe v. Greenville County School District* that, although South Carolina law recognizes a parent's claim for the loss of his child's services and pecuniary losses resulting from the child's injury, it does not recognize a cause of action for loss of the child's consortium.  *See* 375 S.C. 63, 68–70, 651 S.E.2d 305, 307–09 (2007); *see also* S.C. CONST. art. V, § 9 ("The decisions of the Supreme Court shall bind the Court of Appeals as precedents.").

With respect to the cause of action recognized under South Carolina law, we agree with the circuit court's finding that Mother failed to present a scintilla of evidence concerning the loss of her son's services or labor as a result of his abuse.  *See Hancock v. Mid-South Mgmt. Co.*, 381 S.C. 326, 330, 673 S.E.2d 801, 803 (2009) (finding when the preponderance of the evidence standard applies, the nonmoving party is only required to submit a mere scintilla of evidence to withstand a motion for summary judgment).  Furthermore, the circuit court found Mother did not present any evidence of incurred medical expenses.  Although Mother pointed out in her Rule 59(e), SCRCP, motion that she testified in a deposition to enrolling her son in a therapy program, she did not specifically appeal the circuit court's ruling in her appellate brief; instead, she focused on her outrage damages.  Therefore, the circuit court's ruling is the law of the case.  *See Atl. Coast Builders & Contractors, LLC v. Lewis*, 398 S.C. 323, 329, 730 S.E.2d 282, 285 (2012) ("[A]n unappealed ruling, right or wrong, is the law of the case.").

2. Next, we find the circuit court properly dismissed Mother's outrage claim.  In South Carolina, outrage claims are limited to a defendant's egregious conduct toward a plaintiff.  *See Upchurch v. N.Y. Times Co.*, 314 S.C. 531, 536, 431 S.E.2d 558, 561 (1993).  "It is not enough that the conduct is intentional and outrageous. It must be conduct *directed at the plaintiff*, or occur in the presence of a plaintiff of whom the defendant is aware."  *Id.* (emphasis added).  In the instant case, Mother did not present any evidence that The Citadel directed any tortious conduct specifically toward her.  Indeed, it is undisputed that The Citadel was unaware of

---

[1] We have consolidated Mother's five issues on appeal into three.

Mother's—or her son's—very existence before the commencement of this lawsuit. Additionally, Mother cannot recover on any third-party outrage theory because no evidence shows The Citadel violently attacked her son in her presence. *See id.* at 537, 431 S.E.2d at 562 (limiting third-party recovery for outrage to situations in which the plaintiff witnessed a violent attack upon another and would likely cause fright or shock). Therefore, we affirm the circuit court's decision on this issue.[2]

3. Last, we hold the circuit court correctly granted summary judgment to The Citadel on Mother's civil conspiracy claim. The Citadel, a governmental entity, is immune from liability for conduct in which its employees intend to harm a plaintiff. *See* S.C. Code Ann. § 15-78-60(17) (2005) (providing the state retains sovereign immunity for a loss resulting from "employee conduct . . . which constitutes actual fraud, actual malice, *intent to harm*, or a crime involving moral turpitude" (emphasis added)); *Hackworth v. Greywood at Hammett, LLC*, 385 S.C. 110, 115, 682 S.E.2d 871, 874 (Ct. App. 2009) (stating the tort of civil conspiracy is established when two or more persons, *for the purpose of injuring the plaintiff*, cause the plaintiff special damages).

Furthermore, we reject Mother's argument that she may sue various officials for conspiracy by simply naming The Citadel as the defendant. Mother's civil conspiracy claim, which alleges The Citadel's employees intentionally harmed her, is outside the scope of the TCA. *See* § 15-78-60(17) (stating a governmental entity retains immunity from employee conduct that constitutes an intent to harm). Mother failed to include any employee or official of The Citadel as a named defendant in his individual capacity in this lawsuit. *See* S.C. Code Ann. § 15-78-70(b) (2005) ("Nothing in [the TCA] may be construed to give *an employee* of a governmental entity immunity from suit and liability if it is proved that the employee's conduct . . . constituted actual fraud, actual malice, *intent to harm*, or a crime involving moral turpitude." (emphases added)).

**AFFIRMED.**

**WILLIAMS and KONDUROS, JJ., and LEE, A.J., concur.**

---

[2] Because our resolution of this issue is dispositive, we decline to address whether the circuit court erred in finding the South Carolina Tort Claims Act (TCA) barred Mother's outrage claim. *See Futch v. McAllister Towing of Georgetown, Inc.*, 335 S.C. 598, 613, 518 S.E.2d 591, 598 (1999) (ruling an appellate court need not address remaining issues when its resolution of a prior issue is dispositive).