LOCKEMY, C.J.:
**608 In this civil case, Leisel Paradis appeals the circuit court's order granting Charleston County School District's, James Island Charter High School's, Robert Bohnstengel's, and Stephanie Spann's (collectively, Respondents) motions to dismiss her lawsuit asserting claims for defamation and civil conspiracy. We affirm.
FACTS
Paradis was employed as a teacher at James Island Charter High School (JICHS), which is located within the Charleston County School District. Bohnstengel was the principal at JICHS during part of the 2013-14 school year and Spann was the assistant principal at JICHS during the 2013-14 and 2014-15 school years.
At the close of the 2012-13 school year, Paradis received notice she would be placed on an evaluation protocol to correct **609 deficiencies identified by school administrators. After two years of evaluations, Respondents determined Paradis did not correct the identified deficiencies and terminated her. Thereafter, Paradis filed this action alleging claims for defamation and civil conspiracy. Respondents moved to dismiss her complaint. The circuit court granted the motions. This appeal followed.
STANDARD OF REVIEW
"In deciding a motion to dismiss pursuant to 12(b)(6), SCRCP, the trial court should consider only the allegations set forth on the face of the plaintiff's complaint." Plyler v. Burns , 373 S.C. 637, 645, 647 S.E.2d 188, 192 (2007). "A 12(b)(6)[, SCRCP] motion should not be granted if 'facts alleged and inferences reasonably deducible therefrom would entitle the plaintiff to any relief on any theory of the case.' " Id. (quoting Stiles v. Onorato , 318 S.C. 297, 300, 457 S.E.2d 601, 602 (1995) ). "The question is whether, in the light most favorable to the plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief." Id.
DEFAMATION
"The tort of defamation permits a plaintiff to recover for injury to her reputation as the result of the defendant's communications to others of a false message about the plaintiff." McBride v. School Dist. of Greenville Cty. , 389 S.C. 546, 559, 698 S.E.2d 845, 852 (Ct. App. 2010). The plaintiff in a defamation action must prove "(1) a false and defamatory statement was made; (2) the unprivileged publication was made to a third party; (3) the publisher was at fault; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication." Id . at 559-60, 698 S.E.2d at 852 (quoting Fleming v. Rose , 350 S.C. 488, 494, 567 S.E.2d 857, 860 (2002) ). "The publication of a statement is defamatory if it tends to harm the reputation of another as to lower him in the estimation of the community or to deter third persons from associating or dealing with him." Id . at 560, 698 S.E.2d at 852 (quoting Fleming , 350 S.C. at 494, 567 S.E.2d at 860 ).
"A statement is classified as defamatory per se when the meaning or message is obvious on its face, and defamatory per quod when the defamatory meaning is not clear unless the **610 hearer knows facts or circumstances not contained in the statement." Id ."Even '[a] mere insinuation is actionable as a positive assertion if it is false and malicious and its meaning is plain.' " Id . (quoting Murray v. Holnam, Inc. , 344 S.C. 129, 139, 542 S.E.2d 743, 748 (Ct. App. 2001) ). "However, *151 when the statement is defamatory per quod, 'the plaintiff must introduce extrinsic facts to prove the defamatory meaning.' " Id . (quoting Erickson v. Jones St. Publishers, LLC , 368 S.C. 444, 465, 629 S.E.2d 653, 664 (2006) ).
"Additionally, a statement may be actionable per se or not actionable per se ." Id. "The determination of whether or not a statement is actionable per se is a matter of law for the court to resolve." Id. (quoting Erickson , 368 S.C. at 465, 629 S.E.2d at 664 ). "When the statement is classified as actionable per se , the defendant is presumed to have acted with common law malice, and the plaintiff is presumed to have suffered general damages." Id. "When the statement is not actionable per se , 'the plaintiff must plead and prove both common law malice and special damages.' " Id. (quoting Erickson , 368 S.C. at 465, 629 S.E.2d at 664 ). "Common law malice means the defendant acted with ill will toward the plaintiff, or acted recklessly or wantonly, i.e., with conscious indifference of the plaintiff's rights." Id. (quoting Erickson , 368 S.C. at 466, 629 S.E.2d at 665 ). "Slander is actionable per se when the defendant's alleged defamatory statements charge the plaintiff with one of five types of acts or characteristics: (1) commission of a crime of moral turpitude; (2) contraction of a loathsome disease; (3) adultery; (4) unchastity; or (5) unfitness in one's business or profession." Id . at 560-61, 698 S.E.2d at 852 (quoting Goodwin v. Kennedy , 347 S.C. 30, 36, 552 S.E.2d 319, 322-23 (Ct. App. 2001) ).
The circuit court granted Respondents' motions for a directed verdict, finding Paradis's defamation claim was barred by sovereign immunity. The circuit court found the South Carolina Tort Claims Act (SCTCA) did not waive Respondents' sovereign immunity for performing their statutory duty to assess each teacher's competence. The circuit court also found Paradis's claim was barred by the two-year statute of limitations applicable to defamation. Finally, the circuit court found Paradis failed to state facts sufficient to constitute a cause of action for defamation.
**611 "The Tort Claims Act governs all tort claims against governmental entities and is the exclusive civil remedy available in an action against a governmental entity or its employees." Proctor v. Dep't of Health & Envtl. Ctrl. , 368 S.C. 279, 290, 628 S.E.2d 496, 502 (Ct. App. 2006) (quoting Parker v. Spartanburg Sanitary Sewer Dist. , 362 S.C. 276, 280, 607 S.E.2d 711, 714 (Ct. App. 2005) ). "The State, an agency, a political subdivision, and a governmental entity are liable for their torts in the same manner and to the same extent as a private individual under like circumstances, subject to the limitations upon liability and damages, and exemptions from liability and damages, contained" within the SCTCA. S.C. Code Ann. § 15-78-40 (2005). However, the General Assembly did not intend to waive all its sovereign immunity. "The General Assembly in this chapter intends to grant the State, its political subdivisions, and employees, while acting within the scope of official duty, immunity from liability and suit for any tort except as waived by this chapter." S.C. Code Ann. § 15-78-20(b) (2005). Specifically, the SCTCA provides a "governmental entity is not liable for a loss resulting from: ... the exercise of discretion or judgment by the governmental entity or employee." S.C. Code Ann. § 15-78-60(5) (2005).
We find the circuit court properly dismissed Paradis's defamation claim against Respondents because the actions Paradis alleges were defamatory were discretionary acts by governmental employees. Paradis's complaint alleges she was assaulted by a student in her classroom and told Bohnstengel she planned to file a police report documenting the incident. Paradis claimed Bohnstengel became angry with her and discouraged her from filing a report, as it would harm the school's reputation. Subsequently, Spann recommended Paradis be placed on the SAFE-T/ADEPT evaluation for the 2013-2014 school year based on the number of disciplinary referrals she made. Paradis claimed she was shocked because she had recently passed a separate goals based evaluation.
Spann and another administrator, Maureen *152 Jessup[1] , evaluated Paradis during the 2013-14 school year. Based on their **612 observations, the administrators decided Paradis failed her evaluation. In order to continue working, Paradis was required to undergo the same evaluation during the 2014-15 school year. Spann, Richard Gordon, the new principal at JICHS, and Susan Watson-Bell served as Paradis's evaluators. Paradis claimed the evaluation team periodically changed her requirements and she subsequently failed another evaluation. Paradis was then terminated.[2]
Paradis's complaint states she "was slandered by oral and written statements as well as by actions of the Defendant District and Defendant JICHS." She further claimed, "These statements and actions, including false accusations that Plaintiff could not effectively teach her students and manage her classroom, injured Plaintiff in her trade business and profession." Furthermore, "By virtue of placing and holding Plaintiff on the evaluation process for two years-which was widely known at JICHS-Plaintiff's credibility as a teacher was diminished greatly."
During the motion hearing Paradis attempted to provide context for her claims. Paradis told the circuit court "there are several things that were defamatory in this case, not only the evaluation itself, but also the act of termination due to the results of the evaluation." Paradis claimed she never should have been placed on the evaluation plan as she passed the previous goals based evaluation.
In essence, Paradis asserts the act of improperly placing her on the SAFE-T/ADEPT evaluation was itself defamation, without requiring any other actions by school employees. Paradis does not indicate any of the administrators improperly discussed her case with other employees or outside individuals. Furthermore, in Paradis's motion to reconsider following the circuit court's order, she continued to focus her argument on her placement on the evaluation plan, not on statements made to other individuals. It is the responsibility of education administrators to continually evaluate faculty members they supervise. S.C. Code Ann. § 59-26-40(J) (Supp. 2017) ("Teachers employed under a continuing contract must be evaluated on a continuous basis. At the discretion of the local district and **613 based on an individual teacher's needs and past performance, the evaluation may be formal or informal."). Ordinarily, acts can constitute defamation; however, in this case, Paradis is claiming Respondents defamed her by utilizing the discretion given them by state law to place her on an evaluation plan. The SCTCA specifically excludes liability for this type of exercise of discretion. S.C. Code Ann. § 15-78-60(5) (stating a "governmental entity is not liable for a loss resulting from: ... the exercise of discretion or judgment by the governmental entity or employee"). Accordingly, we affirm the circuit court's dismissal of Paradis's defamation claim because the General Assembly has not waived its right to sovereign immunity with regard to the evaluation process for teachers.
We recognize the circuit court did not address Paradis's assertions she "was slandered by oral and written statements as well as by actions of the Defendant District and Defendant JICHS" because Paradis's argument during the hearing on the motion to dismiss focused solely on the evaluation process. In her brief, however, Paradis asserts her defamation claim "involves the words and conduct associated with her being maintained on the SAFE-T plan throughout the 2013-2014 school year, her continuation on that plan for 2014-2015, her termination, and publications to non-privileged co-workers." Therefore, we must also determine whether her claims that school administrators made false statements about her ability to teach are sufficient to overcome a motion to dismiss. We find they are not.
In deciding whether a claim should be dismissed pursuant to Rule 12(b)(6), SCRCP, this court should consider whether Paradis has "state[d] facts sufficient to constitute *153 a cause of action." " Rule 12(b)(6), SCRCP, 'retains the Code Pleading standard ... rather than the more lenient notice pleading standard found in the federal rules.' " Gaskins v. S. Farm Bureau Cas. Ins. , 343 S.C. 666, 671, 541 S.E.2d 269, 271 (Ct. App. 2000) (quoting Harry M. Lightsey, Jr. & James F. Flanagan, South Carolina Civil Procedure 93 (2nd ed. 1996) ). When a plaintiff states nothing more than legal conclusions, a claim should fail. Talbott v. Padgett , 30 S.C. 167, 171, 8 S.E. 845, 847 (1889). Paradis failed to provide any facts to support her claims. She states she "was slandered by oral and written **614 statements as well as by actions of the Defendant District and Defendant JICHS" and "[t]hese statements and actions, including false accusations that Plaintiff could not effectively teach her students and manage her classroom, injured Plaintiff in her trade business and profession." She never indicates who made defamatory statements about her, what they said, or to whom those statements were published. We recognize the pleadings must be liberally construed. Gaskins , 343 S.C. at 671, 541 S.E.2d at 271. Rule 12(b)(6) requires the plaintiff to allege facts. Paradis failed to do so. Accordingly, we affirm the circuit court's order dismissing her defamation claim.
CIVIL CONSPIRACY
"The tort of civil conspiracy has three elements: (1) a combination of two or more persons, (2) for the purpose of injuring the plaintiff, and (3) causing special damage." Hackworth v. Greywood at Hammett, LLC , 385 S.C. 110, 115, 682 S.E.2d 871, 874 (Ct. App. 2009). "The difference between civil and criminal conspiracy is in criminal conspiracy, the gravamen of the offense is the agreement itself, whereas, in civil conspiracy, the gravamen of the tort is the damage resulting from an overt act done pursuant to a common design." Id .
"A claim for civil conspiracy must allege additional acts in furtherance of a conspiracy rather than reallege other claims within the complaint." Id ."Moreover, because the quiddity of a civil conspiracy claim is the special damage resulting to the plaintiff, the damages alleged must go beyond the damages alleged in other causes of action." Id .
Paradis asserted Bohnstengel and Spann "met, conspired, schemed and planned with others to rebuke [her] and cause her special damages in an evil and personal agenda motivated from a personal dislike of Plaintiff and her valid complaints about discipline issues." Paradis claimed Bohnstengel and Spann "were able to specially [sic] inflict their evil agenda upon the Plaintiff and did so outside the scope of their own employment ... [by] targeting the Plaintiff for an unwanted and invasive evaluation." According to Paradis, "[s]uch actions taken by the Defendants and others amount to an unlawful civil conspiracy and approximately cause [sic] special **615 damages to the Plaintiff for being blacklisted and ostracized from the profession of education." As a remedy, Paradis requested actual and punitive damages, along with attorney's fees and costs associated with the civil conspiracy cause of action.
The circuit court dismissed Paradis's civil conspiracy claim, finding she failed to state with specificity the special damages she sustained as a result of Bohnstengel and Spann's alleged conspiracy and the actions she alleges constituted the conspiracy were done in the scope of Bohnstengel's and Spann's employment.
"Special damages are those elements of damages that are the natural, but not the necessary or usual, consequence of the defendant's conduct." Hackworth , 385 S.C. at 116, 682 S.E.2d at 875. "General damages are inferred by the law itself, as they are the immediate, direct, and proximate result of the act complained of." Id . at 116-17, 682 S.E.2d at 875. "Special damages, on the other hand, are not implied at law because they do not necessarily result from the wrong." Id . at 117, 682 S.E.2d at 875. "Special damages must, therefore, be specifically alleged in the complaint to avoid surprise to the other party." Id ."If a plaintiff merely repeats the damages from another claim instead of specifically listing special damages as part of their civil conspiracy claim, their conspiracy claim should be dismissed." Id .
*154 The circuit court found "[t]he only mention of special damages in Plaintiff's complaint, beyond the conclusory statement that she sustained them generally, is that she has been ostracized or blacklisted from the profession of education and that she incurred legal fees to pursue the claims set forth in her [c]omplaint." However, the circuit court found "Plaintiff fails to plead any specific facts to support such an assertion, such as an inability to obtain other employment in the education profession." The circuit court further noted Paradis's "alleged damages of being blacklisted and ostracized are simply a re-wording of the 'injury to her professional reputation' that are the claimed damages under her defamation cause of action." Finally, the circuit court found Paradis could not rely on the costs she bore for prosecuting her civil conspiracy claim as special damages.
**616 We note Paradis has on appeal alleged the damages she claims for civil conspiracy and defamation are for different parties and are thus different damages. We decline to address this issue as it was never raised to the circuit court. Pye v. Estate of Fox , 369 S.C. 555, 564, 633 S.E.2d 505, 510 (2006) ("It is well settled that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial court to be preserved.").
Additionally, Paradis asserts the circuit court erred because she sufficiently alleged special damages. She claims the reputational damages she asserts in her defamation claim are separate and distinct from the "alleged damages of being blacklisted and ostracized." However, those reputational damages are precisely the damages one would expect from defamatory statements. Furthermore, in her brief, Paradis fails to address the circuit court's decision that her attorney's fees would not constitute special damages. Accordingly, we affirm the circuit court's decision that Paradis has failed to plead any damages other than the general damages which arise from alleged defamatory acts. See Hackworth , 385 S.C. at 116, 682 S.E.2d at 875 ("General damages are inferred by the law itself, as they are the immediate, direct, and proximate result of the act complained of.").
CONCLUSION
Accordingly, the decision of the circuit court is
AFFIRMED.[3]
WILLIAMS and KONDUROS, JJ., concur.

Initially, Bohnstengel served as one of Paradis's evaluators. However, before the evaluation finished, Bohnstengel was terminated. Jessup completed the evaluation.

Paradis exhausted her administrative remedies following her termination.

Paradis also requests this court allow her to amend her complaint if it were to find her defamation and civil conspiracy claim lacking. Spence v. Spence , 368 S.C. 106, 130, 628 S.E.2d 869, 881 (2006) ("When a plaintiff is not given the opportunity to file and serve an amended complaint, but is left with no choice but to appeal after dismissal of her case with prejudice, an appellate court which affirms the dismissal may modify the lower court's order to find the dismissal is without prejudice."). We decline to do so. Paradis's request in essence asks this court to reverse the circuit court's decision to not allow her to amend her complaint. However, Paradis did not present the circuit court or this court with any proposed changes she would make to the complaint to cure the deficiencies identified. Accordingly, this court is unable to determine whether the circuit court abused its discretion in denying her request to amend. Health Promotion Specialists, LLC v. S.C. Bd. of Dentistry , 403 S.C. 623, 632, 743 S.E.2d 808, 812 (2013) ("A motion to amend is within the sound discretion of the trial judge and the opposing party has the burden of establishing prejudice.").