HILL, J.:
**620 This is an appeal from a damages award arising from the failed sale of a residential lot. The Master awarded the Seller, Respondents Michael T. Strebler and Lisa W. Strebler (collectively "Seller"), $40,388 in damages for breach of contract. The Buyer, Appellant Norwest Properties, LLC, appeals claiming the award (except $350 in costs) constitutes special damages that Seller failed to plead. We agree, and reverse.
I.
Shortly after listing the lot for sale in 2005, Seller accepted Buyer's offer for the $175,000 asking price. The parties signed a contract and set a closing date. Buyer commissioned a survey of the lot, which revealed numerous encroachments on the property by an adjoining landowner, Paul J. Mitchell. It transpired Seller had previously granted Mitchell permission for the encroachments, which were never recorded or otherwise memorialized.
**621 After reviewing the survey, Buyer requested Seller remove the encroachments before closing. The closing date passed without resolution.
On November 18, 2005, Buyer sued Seller for specific performance and breach of contract. Seller appeared pro se , filing an Answer denying Buyer's allegations and asserting Buyer breached the contract. The only reference to any claim for damages appears in Seller's prayer for relief, which asks for "costs and damages."
The Master held a bench trial on November 9, 2009. The only testimony at this hearing related to Seller's breach of contract damages occurs amidst the following brief exchange while Mr. Strebler is on the stand:
Mr. Strebler: [I]s it appropriate in my testimony to ask for damages, as I sit here?
*157 THE COURT: Well-in your Pleadings did you ask for damages?
Mr. Strebler: Yes, I did, Your Honor.
THE COURT: Okay, you can go ahead and talk about it.
Mr. Strebler: [Seller] would like-in the Pleadings has asked for damages. [Seller] has been damaged to the extent that he has costs of ownership beyond August 31, 2005, the contractual closing date. Those costs are financial carrying costs, property taxes, homeowner's association fees, maintenance costs, and costs of administration. And further, [Seller] requests damages for resources expended in defending this action. Thank you, Your Honor.
On May 20, 2010, the Master ruled Buyer did not prove Seller breached the contract. Instead, the Master found Buyer breached the contract, the contract was invalid, and Mitchell had an easement on the property. The Master ordered that "[Seller] be awarded his costs and damages in this case in accordance with Paragraph 20 of the Contract. [Seller] shall submit those actual amounts with supporting documentation to the Court for final determination of the amount of this award."
On May 16, 2011, Seller filed a "motion to approve" the amount of damages, and attached a spreadsheet detailing its damages, which totaled $48,713.00 and included: (1) $6,842.00 **622 in real estate taxes from 2005-2011; (2) $2,2560.00 in homeowners' association fees; (3) $8,325.00 in Seller's "professional time" defending the action pro se ; (4) $350.00 in litigation costs; and (5) $30,637.00 in "carrying costs" based on the interest accrued on the line of credit used to finance ownership of the lot. It appears Seller sold the property to Mitchell in 2011 for $175,000.
In response, Buyer promptly filed a memorandum opposing Seller's damages request. At the July 29, 2011 damages hearing, Buyer presented numerous grounds for denying Seller's motion, including repeated attacks on Seller's failure to plead special damages.
On October 23, 2015, Seller asked the court for "an order approving" their motion. On March 1, 2016[1] , the Master issued an order granting the motion and awarded Seller $40,388.00, which represented all of Seller's requested damages except the claimed "professional time." Buyer appeals from that order, which we now reverse.
II.
We first address Seller's error preservation claims, which we can quickly jettison. Because Buyer did not appeal the May 2010 Order or the January 2011 Order denying Buyer's Rule 59(e), SCRCP, motion, Seller reasons those orders have become the law of the case. However, neither of those orders was a final ruling on the damages amount, given the Master expressly left the damages issue open for later determination. There was no final damages order to appeal until the 2016 Order was issued. See Ex parte Wilson , 367 S.C. 7, 12, 625 S.E.2d 205, 208 (2005) ("Any judgment or decree, leaving some further act to be done by the court before the rights of the parties are determined, is interlocutory and not final."); Good v. Hartford Accident & Indem. Co. , 201 S.C. 32, 41-42, 21 S.E.2d 209, 212 (1942) ("A judgement, order, or decree, to be final for purposes of an appeal or error, must dispose of the cause ... as to all the parties, reserving no further questions or directions for future determination. It must ... leav[e] nothing to be done but to enforce by execution **623 what has been determined." (quoting 2 Am. Jur. 860, § 22) ).
Seller also insists the special damages issue is unpreserved because Buyer did not file a 59(e) motion regarding its special damages argument. As we shall see, Buyer raised their objections and arguments against special damages to the Master before and during the damages hearing. Buyer's argument-that special damages were improper because unpled-was rejected when the Master awarded Seller special damages. See Spence v. Wingate , 381 S.C. 487, 489-90, 674 S.E.2d 169, 170 (2009) (where trial judge's order granted respondents' motion for summary judgment on precisely the grounds argued by respondents at summary judgment *158 hearing, but did not restate the ground on which appellant opposed the motion, the ruling was sufficient to preserve appellant's argument, and appellant was not required to file a Rule 59(e) motion to preserve the issue for appeal). Accordingly, we find Buyer preserved its issues for appeal and turn our attention to the merits.
III.
Review of the trial court's damages award is limited to correcting errors of law. McNaughton v. Charleston Charter Sch. for Math & Sci., Inc. , 411 S.C. 249, 262, 768 S.E.2d 389, 396 (2015). Buyer argues the Master erred in awarding damages to Seller, except the $350 in litigation costs, because they are special damages, which Seller failed to plead. We agree.
General damages are those the law infers because they are the proximate and necessary result of the wrong. Special damages do not necessarily arise from the wrong, but from facts unique to the case. "Damages for losses that are the natural and proximate, but not the necessary, result of the injury may be recovered only when such special damages are sufficiently stated and claimed." Sheek v. Lee , 289 S.C. 327, 328-29, 345 S.E.2d 496, 497 (1986) (quoting Hobbs v. Carolina Coca-Cola Bottling Co. , 194 S.C. 543, 10 S.E.2d 25, 28 (1940) ). Unlike general contract damages-those every contracting party knows are likely to ensue in the event of a breach-special damages are recoverable only if, when the contract was formed, the breaching party had reason to foresee (or was **624 clearly warned of) their probable consequence. See Stern & Stern Assocs. v. Timmons , 310 S.C. 250, 251, 423 S.E.2d 124, 125 (1992) (noting although "the defendant need not foresee the exact dollar amount of the injury, the defendant must know or have reason to know the special circumstances so as to be able to judge the degree of probability that damage will result ...."); see also McNaughton , 411 S.C. at 261-62, 768 S.E.2d at 396. Because foreseeability is the key condition of their recovery, special damages must be specifically pled to alert the breaching party that something more than generic breach of contract damages are in play. Hackworth v. Greywood at Hammett, LLC , 385 S.C. 110, 117, 682 S.E.2d 871, 875 (Ct. App. 2009) ("Special damages must ... be specifically alleged in the complaint to avoid surprise to the other party.").
Seller's claim for property taxes, homeowners' association fees, and carrying costs are special damages in an action for breach of a real estate contract. The Master's order awarding special damages incorrectly states that "[Seller], in their Answer, requested costs and damages, including reimbursement of property taxes on the property at issue for the years 2006, 2007, 2008 and 2009, as well as the holding costs of the property." Even construing Seller's scant Answer as a counterclaim for breach of contract, see Rule 8(c), SCRCP, it does not request special damages and does not mention property taxes, carrying costs, or homeowners' association fees. Thus, we find no evidence Seller specifically pled special damages. See Rule 9(g), SCRCP ("When items of special damage are claimed, they shall be specifically stated."); Terry E. Richardson & Daniel S. Haltiwanger, South Carolina Damages , § 4-2 (2004) ("Proper pleading and proof are critical in supporting a case for special damages.").
Seller nevertheless claims the parties tried the special damages by implied consent. Rule 15(b), SCRCP, covers two situations involving amendments to conform to the evidence:
First, if an issue not raised by the pleadings is tried by express or implied consent of the parties the court may permit amendment of the pleadings to reflect the issue. Second, if a party objects to the introduction of evidence as not being within the pleadings the court may permit amendment **625 of the pleadings subject to a right to grant a continuance if necessary ... Express consent may be demonstrated by a stipulation but implied consent depends on whether the parties recognized an issue not raised by the pleadings entered the case during the trial.
Sunvillas Homeowners Ass'n, Inc. v. Square D Co. , 301 S.C. 330, 334-35, 391 S.E.2d 868, 871 (Ct. App. 1990).
*159 An issue cannot be tried by implied consent when one party expressly objects. Seller, however, contends Mr. Strebler's brief testimony at the 2009 hearing was enough to inject the issue of special damages into the case, and Buyer's failure to object before the Master's 2010 order now bars Buyer from disputing it consented to trying the issue of special damages.
We find several problems with Seller's argument. First, for an issue to have been tried by implicit consent, it "must have been discussed extensively at trial." Fraternal Order of Police v. S.C. Dep't of Revenue , 352 S.C. 420, 435, 574 S.E.2d 717, 725 (2002). Mr. Strebler's comments at the 2009 hearing were more of an aside than an extensive discussion, and no concrete evidence of the methodology or amount of his special damages accompanied his short monologue.
The second and more glaring problem is that no specific final judgment amount was sought or included in the 2010 order. Instead, that order notes damages would be finally determined at a later hearing, a reality Seller acknowledged by filing its "motion to approve damages." We hold Buyer's memorandum opposing the motion, as well as its arguments at the damages hearing pointing to Seller's failure to plead special damages, constituted timely and proper objections to the Master's consideration of special damages. These objections triggered the following provision of Rule 15(b) :
If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits .... Upon allowing any such amendment or evidence the Court shall state in the record the reason or reasons for **626 allowing the amendment or evidence. In the event the Court should try issues not raised by the pleadings, it shall state in the record all such issues tried and the reason therefor.
Rule 15(b), SCRCP.
Absent an objection, Rule 15(b) allows a court to amend the pleadings to conform to the evidence, but "when there is no consent to try an unpleaded issue, as manifested by a trial objection to evidence only relevant to the unpleaded issue, a court may not amend without a formal motion." 3 James Wm. Moore et al., Moore's Federal Practice § 15.18[3] (3d ed. 2018). Although the spirit of the modern procedural rules is to promote pleading flexibility to ensure disputes are decided on their merits rather than the whims of formalism, Rule 15(b) reminds us that pleading is not altogether formless, and issues cannot enter a trial by stealth.
Because Buyer objected to the special damages and Seller did not move to amend, the Master was powerless to amend the pleadings on his own or consider the issue of special damages. One federal court of appeals has outlined the procedure federal rule 15(b) demands in this scenario, which we adopt:
Th[e] mechanism for implying an amendment is not available if the opposing party objects to evidence pertaining to a new claim. Instead, upon objection by the opposing party, ... the pleadings may be amended if the party files a motion to amend the complaint and the objecting party fails to satisfy the court that it will be prejudiced by the amendment. The party must expressly move under Rule 15(b) for such an amendment. Moncrief [v. Williston Basin Interstate Pipeline Co. ] 174 F.3d [1150] 1163 n. 7 ("A court may not sua sponte invoke the second portion of Rule 15(b)."). Accordingly, when proper objections have been made but no Rule 15(b) motion has been filed, the lack of prejudice to a party does not provide a basis for an amendment.
Green Country Food Mkt., Inc. v. Bottling Grp., LLC , 371 F.3d 1275, 1280-81 (10th Cir. 2004). Rule 15(b), SCRCP, is similar to its federal counterpart, but even more exacting when it comes to amendments granted over objection, as it requires the trial court to *160 document justification for the amendment on the record. **627 Because Buyer objected to the unpled special damages, and Seller never moved to amend its pleadings, Seller's pleadings were never amended to claim special damages, and that issue was not tried by consent. We therefore reverse the damages award, except the $350 in unappealed costs.
REVERSED.[2]
SHORT and THOMAS, JJ., concur.

The remarkable delays between the hearings and orders have not been explained.

We decide this case without oral argument pursuant to Rule 215, SCACR.